## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------------ X

IFEOMA  EZEKWO

                                 Plaintiffs,

     V.

Albert G. Lauber
Individually and in her official capacity as
Justice of Federal Tax Court, WashingtonDC
 Susan K. Bollman,Esq
Drita Tonuzi, Esq.
Joseph W. Spires, Esq.
Vicky L. Miller, Esq.
John S. Hitt, Esq.
Gerald Moise. Individually and in his capacity
as IRS field agent, Paramus, New Jersey

Defendant

|  |
|---|
| Civil Action No. |
| **VERIFIED COMPLAINT** |
| **COMPLAINT FOR  VIOLATIONS OF:** |
| **1. Title 42 U.S. Code § 1983** |
| **2. Title 28 U.S. Code § 1331** |
| **3. Amendments to the U.S. Constitution and redress able pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."** |
| **4. TITLE IX OF THE CIVIL RIGHTS,** |
| **5. 1st  4TH , 5th  8th  9th and 14th AMENDMENTS AND CIVIL RIGHTS VIOLATIONS** |
| **6.  ABUSE OF PROCESS** |
| **7. ABUSE OF POWER UNDER THE COLOR OF LAW** |
| **8. BLATANT DISCRIMINATION AND** |
| **9.DENIAL OF RIGHT TO FAIR TRIAL  AND DENIAL OF DUE PROCESS.** |
| **10. FALSIFICATION OF TAX INFORMATION REFUSAL TO REFUND OVER PAYMENTS MADE** |
| **11. INVASION OF PRIVACY** |
| **12.  HATE CRIMES AND BIAS AND CORRUPTION** |
| **13. NO  SEARCH WARRANT** |
| **14. TAMPERING WITH EVIDENCE** |
| **15. OBSTRUCTION OF JUSTICE** |
| **16. VIOLATION OF RICO ACT** |
| **(JURY TRIAL DEMANDED)** |

------------------------------------------------------------------ X

STATE OF NEW JERSEY    )
                                       ) ss:
COUNTY OF BERGEN              )
I, IFEOMA EZEKWO declare that I am of full age and in full knowledge of the facts herein.

 I am Ifeoma Ezekwo, the Plaintiff in this matter, thus I am familiar with all the facts herein except those that were deliberately not disclosed to Plaintiff by the Defendants in this matter.

1

1.                    **JUDICIAL NOTICE**

All officers of the court for  US Federal Court District of New Jersey   are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: Pro se litigants (Plaintiff is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

In re Platsky: court errs if court dismisses the pro se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings.

In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent.

See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.


2.                **JURISDICTIONAL BASIS**

3.  Plaintiff brings this action under federal wrongful  taxation act  and violations of the Plaintiff's federally protected rights and a matter of federal question.

4.  Plaintiff claim federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

5.   Plaintiff  brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to them  by the First, Fourth,  Fifth, Eighth, Ninth and Fourteenth Amendments  of the federal Constitution, by the defendant  Judge Albert Lauber   under color of law  individually  and in  his capacity as a Judge in the Federal Tax Court.  Plaintiffs  bring  this action against Albert Lauber  , a federal judicial officer, pursuant to Title 28 U.S. Code § 1331 , in claims arising from violations of federal constitutional rights guaranteed in the  amendments to the U.S. Constitution and redress able pursuant

to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)." Judge Lauber also in collaboration with the rest of the defendants colluded together and severally to violate Plaintiff and deny her a right to trial in her case against Internal Revenue Service, deny her access to her full tax records, refused to account for over two years of tax payments that were made on the record by a governmental third part, manipulated and forged and deleted several information from the tax record that even IRS cannot understand its own case against Plaintiff with over thirty thousand dollars of Payments made on behalf of the Plaintiff missing from the record. Then Judge Lauber in concert with the six defendant attorneys, decided to alter, delete and block out Plaintiff's statements from the record and in the ultimate insult to injury, abruptly sealed the case from public view and closed the case without due process and any resolution whatsoever to the Plaintiff's tax matter and without addressing the multiple violations of Plaintiff by the named IRS agent and others and issues that spanned nine years, claiming it will embarrass those in IRS concerned. Details of this will be enumerated below in the case details. Judge Lauber despite this obvious and blatant corruption and obstruction of justice, ruled to continue taking $1,300.00 from Plaintiff's social security every month in violation of federal law and Judge Lauber also refused for IRS to calculate and refund over payments they received that Plaintiff motioned on.

6. These violations by Judge Lauber and the Defendants were intentional, reckless and in total and callous disregard for the plaintiff's rights in the matters thereby putting Plaintiffs' lives in mortal danger and totally stripping them of their civil rights in the process. Every right of Plaintiff was brazenly violated by Judge Lauber and the he closed the case that was slated for trial without trial and in anger because IRS is embarrassed.

## PARTIES:

5. **PLAINTIFF**, Dr. Ifeoma Ezekwo is natural person who had a business in Bronx, New York. And currently resides in the State of New Jersey, a disabled retiree physician and who though currently overpaid on her taxes and was severely violated by IRS agents over the past nine years is being denied resolution, trial and justice by Judge Lauber and a team of six IRS attorneys in the ultimate play of David and Goliath syndrome and in violation of her Plaintiff rights and all without due process. The case was triggered in 2013 after three Englewood police officers, namely Thornton White, Michael Christiansen, and Christopher Quirk attempted to pre-meditatively murder Plaintiff's son and Plaintiff inside Englewood Hospital without provocation all caught on video camera and these officers subsequently perjuring themselves and had multiple other counts of criminal behavior and there was a lot of cover up and even Christopher Quirk promoted and made detective to continue his Crime spree against Plaintiff and her family. IRS actions was during this time ( details are in the Tax court records that Judge Lauber and Susan Bollman attorney for IRS redacted the Plaintiff's evidence and sealed the record and closed the case without resolving the case for Plaintiff so the

3

Federal court during this case will have to compel IRS and Tax court to provide this evidence and details of the actions themselves to the court.

**7.**                                **DEFENDANTS:**

8. **Judge Albert Lauber**  is the assigned Federal tax court Judge who was assigned to Plaintiff's case in tax court  and corruptly and angrily colluded with IRS and allowed blocking of Plaintiff's  statements from records, sealing records from public view and then violated Plaintiff by denying her trial on her case and then closing her case without due process and any resolution and violating her constitutional rights in the process.

**Susan K. Bollman** is the lead  Attorney for the IRS assigned to this case who never researched the case and all Plaintiff alleged and was blocking all Plaintiff's evidence and redacting all Plaintiff's evidence from the record and without even notifying Plaintiff, held secret motion with Judge Lauber, sealed all Plaintiff's evidence against IRS agent and colluded with the Judge Lauber in the ultimate violation and closed the case with Judge Lauber., violating  Plaintiff's constitutional rights in the process and without due process.

**Drita Tonuzi Esq.** is the Attorney for the IRS on Susan Bollman's team so worked in concert with Susan Bollman and Judge Lauber  to violate Plaintiff and close her case.

**Joseph W. Spires Esq.** is the Attorney for the IRS on Susan Bollman's team so worked in concert with Susan Bollman and Judge Lauber  to violate Plaintiff and close her case.

**Vicky L. Miller Esq.**  is the Attorney for the IRS on Susan Bollman's team so worked in concert with Susan Bollman and Judge Lauber  to violate Plaintiff and close her case.

**John S. Hitt Esq.**  is the Attorney for the IRS on Susan Bollman's team so worked in concert with Susan Bollman and Judge Lauber  to violate Plaintiff and close her case.

**Gerald Moise**.  New Jersey IRS agent.

9.                    **STATEMENT OF CASE:**

7.  Under the federal civil rights law Title 42 U.S. Code § 1983 which  reads as follows: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities or due process  secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

This law is irrelevant of the fact that the offending party defendant as in this case happens to be a Judge, attorney or IRS agent when he or  she broke the law as there is no assumed immunity in such a case

4

10. On May 5th 2021, Plaintiff filed a petition with the tax court, having exhausted all means and attempts via self and others to have IRS respond and address the malevolent handling of the IRS strangely no longer existent tax matter. In particular, Plaintiff wanted addressed the fact that IRS has put a travel ban on Plaintiff which subsequently prevented Plaintiff from attending the memorial service of her mother since she is not allowed to travel outside the United States.  In addition, Plaintiff through self and others have tried in the past ten years to request of the IRS to give Plaintiff a history and breakdown and account of her tax which IRS has stonewalled and hidden under numerous codings that prevented full accountability and recording of what IRS was doing with Plaintiffs' tax records and their refusal for transparency to Plaintiff and others.

11. IRS has, since 2013,  without due process  been taking Plaintiff's social security money to the tune of  $1, 315.70 (as in 11/8/2021) leaving  Plaintiff only $833.00 of her social security income for the month, since a few months after  Plaintiff started receiving her disability in February  2013 which at that time was calculated to be $2,057.00 per month. Plaintiff had spinal surgery recuperating at home in New Jersey, having previously had an office in New York at that time.
Through tax advocate, Plaintiff's counsel and various tax agencies over the years, Plaintiff tried to communicate to IRS but to no avail. Even though the tax law was very clear that IRS can only take 15% of the Plaintiff's social security disability income, IRS refused to even respond other than keep repeating amount due for 10 years even though IRS was collecting the above said amount monthly. Most importantly IRS adamantly refused to reveal what it was doing in Plaintiff's account to this date and refused to give Plaintiff due process.

12. In 2021, prior to filing the petition with the tax court, again Plaintiff wanted to engage another tax agency to look into the matter for her and it was  the brief  interaction  with this particular agency that clued Plaintiff in to what she was otherwise only suspecting was going on. This particular agencies investigation into my IRS account which I requested so I can at least know where all the money IRS was taking from my social security is going since they were not giving any account of it. They told me they cannot give me that information for IRS reasons. I then asked if they can file the suit in tax court so I can know from IRS what the issue is since I do not think I owe what IRS is claiming and have it resolved and they told me no, they cannot sue or petition the tax court because they work for IRS.  Also this particular agency said someone was calling them from IRS about my account and another saying not to take the case or I don't want the case or some strange thing like that. However the clincher here was that this particular agency to this day refused to give me the information IRS has in my records even though I paid for it for the simple reason that they work for IRS secretly. However, all Plaintiff was interested in was resolving the matter and also wanting IRS to be accountable and remove the wrongful liens and stop taking my disability income to the tune of $1, 315.70 per month without due process.

5

13. When Plaintiff filed this petition, she never heard from the tax court for several months and got no information as they said they are severely backlogged.  After several months I was finally assigned a docket number and when I called to follow up, I was told that IRS filed a response in August 2021 but IRS did not sent me a copy. I registered with Dawson to receive electronically but as access again is not being granted. The case is scheduled for trial in April 11, 2022 but I called and sent a letter in December 27th 2021 but other than this motion, and the fact that initially assigned counsel has taken early retirement there was no further communication from IRS attorney and I was not called or messaged for any dialogue.  It is now evident that the trial scheduled in this matter in April 11, 2022 will have to be adjourned as it is not feasible as IRS is still withholding a lot of information. In the order that Ms Bollman attached to Plaintiff's motion, Ms Bollman  attached the order for someone else by the name Mike Perez and Amy Perez Dkt No; 1:19-CV-2777-MHC. And this order is not Plaintiff's and Plaintiff has no relationship with these people thus questioning why Ms Bollman is attaching their information to Plaintiff's case.

14. On June 28th 2021, IRS sent Plaintiff a letter, LT 16 Reference No: 5567904725 in which IRS was demanding $89,333.77 even though IRS was taking $1,315.70 from Plaintiff for about ten years now without any accountability and because of coding Plaintiffs records. On July 12 2021, Plaintiff responded, informing IRS that the case is in Tax court and IRS must contact tax court directly as the matter has to be resolved in tax court.

15. On September 28th 2021, IRS sent  Plaintiff another letter Refer to: 1072224216 LTR0544C

Referencing Tax Periods December 31 2003; December 31 2004; December 31 2005; December 31 2006 Form 1040. In this letter, IRS acknowledged Plaintiff's letter of July 12, 2021.

IRS further said that they have resolved the issue in Plaintiff's account, and they do not need to take further action. IRS said "We apologize for our error. If you have questions call us toll free at 1-800-829-7650" There was zero dollar request with this letter and no liability noted.

16. So apparently Plaintiff from this letter has no tax liability with IRS and IRS did not demand for one.

**17.  HISTORICAL PERSPECTIVE AND REFUSAL OF IRS TO ACT ON RESOLVING PETITIONER'S TAX MATTER DUE TO IRS STAFF MISCONDUCT AND VENDETTA.**

18. In a case that is presently in Federal court, New Jersey,  you  can read  all the horrific and graphic details  and watch the video of the most gruesome, inhumane, premeditated attempted murder and un provoked  gross and brutal  physical assault against Petitioner's innocent son Dr. C. Ezekwo  by rogue Englewood police officers namely Christopher Quirk, Thornton White, and Michael Christiansen  that left him  with brain concussion, head lacerations, broken nose, broken ribs, dislocated wrists and multiple other body injuries as well pepper spray  directly into his eyes  and left alone bleeding inside his hospital room 23 in Englewood hospital and stroke suffered by me, his  mother Plaintiff

who they threw on the floor and falsely accused on May 5 2013 and the false reports and perjury and 19 counts of other criminal actions by these same Englewood police officers and the subsequent massive cover up by the city of Englewood and the persistent harassment of the my family by all ranks and file of Englewood city officials.

19. It was right after this ordeal that IRS agent in early summer of 2013 started coming to Petitioner's private residence and the violations of Plaintiff's rights with regards to her taxes started. Obviously related to law suit Plaintiff has with Englewood law enforcement vendetta. The details of this is currently under seal and redaction saga from Judge Lauber and IRS attorney Susan Bollman so the Federal court will have to compel the Judge Lauber and Bollman to release the unredacted records and unseal them so the federal court can adjudicate and rule on their multiple violations of the Plaintiff.

20. Plaintiff was therefore denied trial in her case and all evidence and Plaintiff's testimonies sealed because the contents will embarrass the IRS and despite Plaintiff asking the Judge Lauber for reconsideration because Plaintiff was not even given due process before the case was sealed and closed. And IRS is still taking $1300 a month from Plaintiff's social security and IRS still owes Plaintiff overpayment IRS took from Social security on Plaintiff's account and all the false information IRS has on Plaintiff's record is not resolved.

21. Plaintiff's law suit against Judge Lauber and the six IRS attorneys and one IRS agent directly involved is therefore filed here for justice and damages and punitive damages

22. On May 2nd 2022, IRS filed motions with the tax court and then mailed a physical copy to Plaintiff which Plaintiff only received in her mail this week of May 25th respondent never reached Petitioner except by this regular mail

23. On May 5th 2022 Judge Albert Lauber, without even allowing for the Plaintiff to receive and then allow for the allowed time to respond to the such an important motion, made an immediate order granting IRS motions without given the Petitioner the due process required by law.

24. IRS and Judge Lauber agreeing and tampering and redacting Plaintiff's response and motion facts to what their attorney wants to keep in this case and without due process is in total violation of Plaintiff's constitutional rights; it is tampering with evidence which is a criminal offense, and obstruction of justice and steering a case and evidence towards the IRS which also against the law

25. Defendants' action violated Petitioner's constitutional rights in total and in particular, the 1st; the 4th; the 5th, the 6th; the 9th and 14th amendments of the United States Constitution.

7

26. The fact that Judge Lauber ruled immediately in three days without even giving the Plaintiff the required time to respond to the motion and without even setting a motion hearing date and then informing the Petitioner and allowing the Petitioner to file her response is such violation of the laws of civil proceedings and tantamount to willful misconduct and legal disobedience where such collusion between the Judge and IRS attorney is allowed to occur without any regard to the Plaintiff's rights in the case nor the rule of law.

27. This very act is an outrage as well as it is against the law

28. So in Defendants' argument, it is not if these events occurred, it is not if two years of collected funds of over $30,000.00 (thirty thousand dollars) is missing from the records or who was frequenting Plaintiff's home even though the jurisdiction is in New York State not New Jersey, it is simply that the facts "will embarrass" That is not an argument under the law. The rule 103 is being misinterpreted here. Also this case has not been heard as the trial date has not been set. And now Defendants just closed the case.

29. To keep a case under seal and allow the Plaintiff's statements of fact to be blocked out and making it meaningless and out of logic is not only illegal but serious obstruction of justice.

30. The IRS lawyers and agents are alive, the Defendants can easily speak with them and file his statement about what happened, about what happened to two years collections that was not recorded in the IRS record and other irregularities in this record and prepare for trial on the case. To remove Plaintiff's line of arguments and facts and only allow what the IRS attorney wants to discuss as well as untruths Defendants wants to portray is an outright violation of law and rules of evidence and such cannot be condoned.

31. The matters that are part and parcel of this case that immensely contributed to its long running nature cannot be ignored.

32. Defendants cannot say that their agent taking Plaintiff 's name from New York state where her office was and then coming to harass her in New Jersey home without any notice or any search warrant is right or proper conduct. Plaintiff, she has to now endure what happened, and now endure Defendants that are claiming it is irrelevant, seriously?? And then blocking Plaintiff's evidence from the record. Plaintiff's constitutional amendments rights were violated.

33. The question is why can a case that happened and is part and parcel of the case be scrubbed from the case, embarrassment is not an excuse to violate Plaintiff , the court can review the cases that abound and know that the Defendant is in gross error, ask about Art Kelly, Bill Crosby; Russell Simmons, Epstein, Weinstein, Matt Lauer, Cuba Gooding Jnr; Conyers and loads of others who find themselves in spicier pickle,

their Plaintiffs' cases were not scrubbed and redacted because "they will be embarrassed".

34. The whole document and Plaintiff's statements in its entirety must be allowed in the record as that is the Plaintiff's story and facts and these cannot be undermined. Plaintiff must be allowed by law to have this case at trial and every and all facets discussed. That is law and due process.
The Defendants cannot be allowed to fix the case and delete all Plaintiff's records and create whatever narrative Defendants wants to present while violating and suppressing the Plaintiff's.

35. Another misconception that Defendants has here is that concealing from public view, which has nothing to do with the Plaintiff but the way court was functioning. However, that does not mean that Defendants essentially "burns" and "destroys" Plaintiff's evidence and facts that Plaintiff is using to litigate her case in court and which is her right

36. Contrary to what IRS and Defendants will like to portray here, IRS in itself has found in the article that is attached here that up to 30% of the cases of IRS agents Misdeeds are proven. This case is within that 30% and must be allowed to go to trial and defendants must be asked to come and testify and defend the case, after all their lead agent who took the case from New York where it is and was harassing Plaintiff in New Jersey. the attorney representing Plaintiff at that time , whose letter was included in the filing spoke to IRS who refused to resolve the matter. This case was also reported to the IRS Inspector General, also attached with the filing. This case is what IRS was refusing to resolve and following for nine years, they cannot be embarrassed now but rather, remove the redactions immediately and allow this case to go to trial and produce all the evidence and hear and see all the evidence that Plaintiff has without any redactions and give Justice.

37. The cited cases and legal argument point clearly that the trajectory of the Defendants and the court in this case is in wrong direction and Plaintiff wants both the Defendants and the court to review the law and reverse course and avert a legal catastrophe and grant Plaintiff justice.

1.
## Legal Argument and Case Law

2. 18 U.S. Code § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy

3. "Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct,

or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."

4. The sealing of the court record by Judge Albert G. Lauber and Susan K. Bollman is the destruction of an important court document and evidence. This violates this statute and is a criminal act. Judge Albert G. Lauber and Susan K. Bollman are creating non-existent precedents and enforcing principles that are in fact criminal acts and they are breaking the law.

5. In re Knoxville

6. "As stated in United States v. SCRAP, 412 U.S. 669, 688-689, 93 S.Ct. 2405, 2416-2417, 37 L.Ed.2d 254 (1973), "pleadings must be something more than an ingenious academic exercise in the conceivable. A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged [governmental] action, not that he can imagine circumstances in which he could be affected by [governmental] action." Speculative contingencies afford no basis for our granting relief. Preiser v. Newkirk, supra, 422 U.S. at 403, 95 S.Ct. at 2335; Hall v. Beals, supra, 396 U.S. at 49-50, 90 S.Ct. at 202."

7. "Yet, the power to exercise "discretion" does not imply that discretionary powers can be exercised without restraint. A district court's determination on the sealing of its own record is "not insulated from review merely because the judge has discretion in this domain. The [d]istrict [c]ourt's discretion is circumscribed by a long-established legal tradition." Brown & Williamson, 710 F.2d at 1177. This long-established legal tradition is the presumptive right of the public to inspect and copy judicial documents and files. Nixon v. Warner Communications, 435 U.S. at 597, 98 S.Ct. at 1311; In Re Application of National Broadcasting Co., Inc., (United States v. Criden I), 648 F.2d 814, 819 (3d Cir.1981); In Re Application of National Broadcasting Co., Inc., (United States v. Jenrette), 653 F.2d 609, 612 (D.C.Cir.1981); In Re Application National Broadcasting Co., Inc., (United States v. Myers), 635 F.2d 945, 949 (2d Cir.1980); United States v. Mitchell, 551 F.2d 1252, 58-60 (D.C.Cir.1976), rev'd on other grounds sub nom. Nixon v. Warner Communications, supra. The recognition of this right of access goes back to the Nineteenth Century, when, in Ex Parte Drawbraugh, 2 App.D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." Id. at 407."

8. "The Third and Ninth Circuits have extended this right to be heard to cases where requests for closure are made to the trial judge in writing or during in-chambers conference when members of the public are not present. Brooklier, supra; Criden II,

supra. Both of these courts have required that reasonable steps be taken to afford the public and press an opportunity to submit their views on the question of their exclusion before a closure motion is acted upon. Brooklier, 685 F.2d at 1168; Criden II, 675 F.2d at 559-560. We believe our holding in Brown & Williamson, supra, invites application of a similar rule where a district court is requested, either in writing under seal or during an in-chambers conference, to seal its record. See Associated Press v. United States District Court, 705 F.2d 1143, 1146 n. 1 (9th Cir.1983)."

9.  "In our view, the district court should not be placed "in the position of sole guardian of first amendment interests even against the express wishes of both parties." Younger, The Sheppard Mandate Today: A Trial Judge's Perspective, 56 Neb.L.Rev. 1, 6-7 (1977), quoted in Criden II, 675 F.2d at 558. Rather, the public and press should be afforded, where possible, an independent opportunity to present their claims. "Certainly, the failure to invite participation of the party seeking to exercise first amendment [and common law rights] reduces the possibility of a narrowly drawn order, and substantially imperils the protection which the amendment [and the common law] seeks to assure." Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, 184, 89 S.Ct. 347, 353, 21 L.Ed.2d 325 (1968). The importance of the rights involved and interests served by those rights require that the public and press be given an opportunity to respond before being denied their presumptive right of access to judicial records."

10. "If a party moves to seal a document, or the entire court record, such a motion should be made "sufficiently in advance of any hearing on or disposition of the [motion to seal] to afford interested members of the public an opportunity to intervene and present their views to the court." Criden II, 675 F.2d at 559. The district court should then allow interested members of the public a reasonable opportunity to present their claims, without causing unnecessary or material delay in the underlying proceeding. Brooklier, 685 F.2d at 1168, citing Gannett, 443 U.S. at 401, 99 S.Ct. at 2916 (Powell, J., concurring), id. at 446, 99 S.Ct. at 2939 (Blackmun, J., concurring in part and dissenting in part)."

11. "To say that discretion exists, however, is not to say, as appellee contends, that what is involved here "is simply a policy determination." Appellants seek to vindicate a precious common law right, one that predates the Constitution itself. While the courts have sanctioned incursions on this right, they have done so only when they have concluded that "justice so requires." To demand any less would demean the common law right.United States v. Mitchell, 551 F.2d at 1260 (footnotes omitted)."

12. "In Brown & Williamson this court refused to uphold a lower court's sealing of the record, notwithstanding the claim that public access to the file would hurt Brown and Williamson's business prominence. "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records.""

13. This case shows how a narrow view of secrecy cannot be used to override the rule of law and how statements of being harmed by a disclosure cannot be manufactured out of thin air but must be perceptible and real, affected parties must also be given the opportunity to argue against the application of a seal.  The IRS has clearly violated Plaintiff's constitutional rights  and continue to do so and even now have closed Plaintiff's case without trial and refusing justice to Plaintiff, they cannot say they feel embarrassed about a lawsuit that describes their aberrant  behavior.  All this information which the IRS seeks to redact from the record is vital to the case of the Plaintiff  Dr. I. Ezekwo, it is a violation  act and the destruction of evidence (by 18 U.S. Code § 1519)  to put critical legal information under seal.   Courts are designed to look into the reality of situations and resolve issues, not to side with and partake in the perpetuation of criminality. The Petitioner was not given due process  also given no time to even argue against the seal before it was implemented, this is a miscarriage of justice as it was simply agreed upon by Judge Albert G. Lauber and Susan K. Bollman and other IRS lawyers in violation of the civil rights of the Petitioner and in violation of the law..

14. FRCP, Rule 26

15. "(c) Protective Orders.

16. (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

17. (A) forbidding the disclosure or discovery;

18. (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

19. (C) prescribing a discovery method other than the one selected by the party seeking discovery;

20. (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

21. (E) designating the persons who may be present while the discovery is conducted;

22. (F) requiring that a deposition be sealed and opened only on court order;

23. (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

24. (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

25. (2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."

26. This statute demonstrates that the IRS lawyers, the Judge  and the agents  do  not reach any requirement that would justify a sealing of the court record in regards to their actions, and they have not demonstrated a good cause for such a seal.  There was also no consultation with the Plaintiff  before Susan K. Bollman took this drastic step, such a consultation is required by law.  There is collusion  between Susan K. Bollman and Judge Albert G. Lauber as they made such a decision of seal within 3 days and never consulted with the Plaintiff  Dr. I. Ezekwo, this is blatantly corrupt as the Plaintiff  was given no time to even respond before the violating  act of Susan K. Bollman and Judge Albert G. Lauber was committed.

27. <u>Kamakana v City and County of Honolulu</u>

28. "In accord with the protective order, the parties sought court permission to file their summary judgment pleadings under seal. The district court granted the motion but stated, "The court reserves the right to unseal materials filed under seal if, upon reviewing the sealed materials, the court determines that they should be available to the public or otherwise do not merit sealed status.""

29. "In response to this articulation of the controlling standard, the City and United States both sought reconsideration. The City's motion did not set forth "compelling reasons" to keep its documents secret. Instead, it asserted that the magistrate judge had not given the City enough notice to make such a showing. Similarly the United States' submission detailed no compelling reasons, arguing only that the Honolulu Advertiser had not objected to the United States' proposed redactions."

30. "In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Nixon, 435 U.S. at 598, 98 S.Ct. 1306; accord Valley Broadcasting Co., 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Foltz, 331 F.3d at 1136."

31. "Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. Foltz, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. Id. ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion. The . . . `compelling reasons' standard continues to apply.") (internal citations omitted)."

32. "Under our precedent, the City was required to present "articulable facts" identifying the interests favoring continued secrecy, Foltz, 331 F.3d at 1136 (internal citation omitted), and to show that these specific interests overcame the presumption of access by outweighing the "public interest in understanding the judicial process." Hagestad, 49 F.3d at 1434 (citation omitted). Instead, the City complains that it had no chance to present compelling reasons, and that the magistrate judge failed "to even permit . . . a fair opportunity to be heard on the matter.""

33. "When sealing documents attached to a dispositive pleading, a district court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434. In the absence of specifically articulated reasons, "meaningful appellate review is impossible." Id. at 1435. It makes little sense, however, to require the same specificity where the court is simply effectuating the presumption of public access by unsealing documents covered by a blanket protective order."

34. "See also Kasza v. Browner, 133 F.3d 1159, 1175 (9th Cir. 1998) (remanding and requiring the court provide a statement of reasons "should it determine in its discretion to leave the seal in place"); Erection Co., 900 F.2d at 170 (remanding case in which the district court sealed a consent decree because "the record gives no hint of whether the court considered any or all . . . factors and arguments")."

35. "To the contrary, we have held that a non-party's reliance on a blanket protective order is unreasonable and is not a "compelling reason" that rebuts the presumption of access. Foltz, 331 F.3d at 1138; Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475-76 (9th Cir. 1992) (noting that "[t]he extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery" and that reliance on a "stipulated . . . blanket protective order" does not justify sealing court records)."

36. This case shows that the IRS has shown no compelling reasons as to why they should seal the court record.  Thus the court record must be unsealed.  The IRS has left the name of the agent  in their statements, thus they are allowing for his false information to be on the record with no counterbalance from the Petitioner Dr. I. Ezekwo.  This is a corrupt act, if

14

the IRS and Susan K. Bollman were truly interested in protecting the agent , they would have removed his name completely.  Thus the IRS is not seeking a resolution of issues, but  to enact a compulsion to lie that a case is settled just so that they can continue to harass an innocent citizen and break the law.  Judge Albert G. Lauber also did not articulate any factual basis for his creation of the seal, in contradiction to principles outlined in this case.

37. Oliner v Kontrabecki

38. "The rationale underlying the "good cause" standard for nondispositive orders, namely that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action," does not apply to this case. See Kamakana, 447 F.3d at 1179 (internal quotation marks omitted). Here, the parties seek to seal the entire record of the proceedings in the district court, including the court's opinion. The district court properly invoked the "compelling reasons" standard in considering the sealing request. See Joy v. North, 692 F.2d 880, 894 (2d Cir.1982) (holding that "only the most compelling reasons can justify the total foreclosure of public and professional scrutiny" to a court's "basis for the adjudication"). The only reasons provided for sealing the records — to avoid embarrassment or annoyance to Kontrabecki and to prevent an undue burden on his professional endeavors — are not "compelling," particularly because the proceedings had been a matter of public record since at least 2004. See Kamakana, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); see also Joy, 692 F.2d at 894 ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.")."

39. "Kontrabecki has not pointed to any compelling reasons that overcome the strong presumption in favor of maintaining public access to court records. The district court did not abuse its discretion in denying the request to seal."

40. This case demonstrates that embarrassment is not a reason to seal a record, it also states that there must be a compelling reason to seal a court record.  The IRS and Agent partook in their actions, they cannot call the consequences of their actions a burden.  Susan K. Bollman has given no compelling reason as to why the record should be sealed, in fact sealing the record is the illegal destruction of evidence.  The redactions remove information that is of key importance to the Plaintiff  Dr. I. Ezekwo's case, while leaving IRS agent's  lies unchallenged, this is a miscarriage of justice and a corrupt criminal act.

15

41. Tex. R. Civ. P. 76a

42. As amended through April 25, 2022

43. Rule 76a - Sealing Court Records

44. "1.Standard for Sealing Court Records. Court records may not be removed from court files except as permitted by statute or rule. No court order or opinion issued in the adjudication of a case may be sealed. Other court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:

45. (a) a specific, serious and substantial interest which clearly outweighs:

46. (1) this presumption of openness;

47. (2) any probable adverse effect that sealing will have upon the general public health or safety;

48. (b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted."

49. The IRS, Susan K. Bollman and the agent  have met none of the criteria required in this statute for creating their erroneous seal, thus the court record must be unsealed.

50. Joy v North

51. "The importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed."

52. "Second, if the special litigation committee recommends termination and a motion for judgment follows, the committee must disclose to the court and the parties not only its report but all underlying data. To the extent that communications arguably protected by the attorney-client privilege may be involved in that data, a motion for judgment based on the report waives the privilege.[11] See In re John Doe Corporation, 675 F.2d 482 (2d Cir.1982). The work-product immunity will apply to the documents usually included within its terms to the extent that they are working papers of the committee's counsel and are not communicated to the committee. Once communicated, the immunity may not be claimed, since the papers may be part of the basis for the committee's recommendations."

53. "Given the principles outlined above, we reverse the order putting the Citytrust Committee's Report under seal and restricting its use. The showing of good cause was merely that it and the accompanying documents were protected by the attorney-client privilege and work-product immunity and involved a candid assessment of the bank's

16

internal operations which, if made public, would adversely affect the two corporations in the banking industry and the Bridgeport community. This showing is patently inadequate. First, the submission of materials to a court in order to obtain a summary judgment utterly precludes the assertion of the attorney-client privilege or work-product immunity. Second, a naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The Report is no longer a private document. It is part of a court record. Since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny. The potential harm asserted by the corporate defendants is in disclosure of poor management in the past. That is hardly a trade secret. The argument that disclosure of poor management is so harmful as to justify keeping the Report under seal proves too much since it is a claim which grows stronger with the degree of misconduct. Were outright looting of Citytrust disclosed by the Report, for example, the harm of publication would be even greater. Moreover, Citytrust is a publicly owned company and this litigation directly concerns management's obligations to shareholders. We believe that foreclosing public scrutiny of the grounds for this adjudication is wholly unjustifiable."

54. This case shows how aberrant conduct by an entity such as the IRS and its agents must be subject to scrutiny. The sealed court record created by Judge Albert G. Lauber and Susan K. Bollman also holds information that is the basis of adjudication, and as this case shows the most compelling reasons are required to shield such information from public scrutiny, Judge Lauber and Susan K. Bollman have not demonstrated any such compelling reason but only frivolity. This case also demonstrates how greater misconduct cannot give an individual or entity more protection from scrutiny, which is what Susan K. Bollman and Judge Albert G. Lauber are implying by redacting the outrageous behavior of the IRS and their agent.

55. Hagestad v Tragesser

56. "The Supreme Court acknowledged the existence of a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. at 597, 98 S.Ct. at 1312, 55 L.Ed.2d 570 (footnotes omitted). At the same time, the Court recognized that this right to inspect and copy judicial records is not absolute. Id. at 598, 98 S.Ct. at 1312. The Court did not endeavor to identify all of the factors to be weighed in determining whether access is appropriate, stating only that courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Id. at 602, 98 S.Ct. at 1314. The Court also acknowledged that the decision is "one best left to the sound

17

discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 599, 98 S.Ct. at 1312-13."

57. "The Ninth Circuit has adopted the Seventh Circuit's approach for determining whether the common law right of access should be overridden, requiring courts to start with a strong presumption in favor of access. See Valley Broadcasting Co., 798 F.2d 1289. This presumption of access may be overcome only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." Id. at 1293 (quoting United States v. Edwards, 672 F.2d 1289, 1294 (7th Cir. 1982))."

58. "Although Valley Broadcasting dealt with a television station's request to copy tapes admitted into evidence in a criminal trial, in EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990), its reasoning was extended to the sealing of a consent decree in a civil case."

59. "The factors relevant to a determination of whether the strong presumption of access is overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990) ( citing Valley Broadcasting, 798 F.2d at 1294). After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. Valley Broadcasting, 798 F.2d at 1295."

60. "As we have noted, "it is vital for a court clearly to state the basis of its ruling, so as to permit appellate review of whether relevant factors were considered and given appropriate weight." Id. at 1294 (quoting Edwards, 672 F.2d at 1294). We reversed an order to seal court documents and remanded where the district court failed "to articulate any reasoning or findings underlying its decision to seal the decree." EEOC v. Erection Co., 900 F.2d at 169."

61. "Here, because the district court failed to articulate any reason in support of its sealing order, meaningful appellate review is impossible. Thus, the order sealing the district court's record must be vacated and the matter remanded for the making of findings in support of any order on this issue. This panel will retain jurisdiction over any future appeals in this case."

62. Again this case shows how a compelling reason must be given to seal a court record and that this reason cannot be based on hypothesis or conjecture. Also a court must articulate the factual basis for its ruling. The IRS' Susan K. Bollman and Judge Albert G. Lauber have shown no compelling reason for the seal and their arguments for justifying the seal are fallacious showing no factual basis. The sealing of the court record with its

18

redactions amount to the destruction of evidence and is thus a criminal act as by 18 U.S. Code § 1519.

## 63. Legal Argument and Case Law Against Summary Judgment and case closure.

64. The IRS is now going into people's bank accounts so that innocent people can have no recourse when the IRS tries to freeze their assets by seizing their money. This will be horrific for the Plaintiff  especially if  rogue agents are  fabricating things against Plaintiff out of vendetta and Plaintiff refusing violation.

65. The IRS took the Plaintiff's $98,000 U.S. dollars, but then said it was an accident, though they seemed very sure of themselves when they banned her from travelling.  The IRS says they have a 24 million case back log but they take time to intimidate and harass and aid and abet abuse.  The IRS' attempt to block the Plaintiff Dr. I. Ezekwo from having a case in court is a crazy power grab by the IRS, who do not want judicial scrutiny for their illegal behavior.   An IRS agent came around the Plaintiff Dr. Ezekwo's house and details and evidence is under seal in tax court and needs to be opened for case to be tried.  This action  by the IRS must be stopped.  In Loving v IRS an attorney against the IRS stated the IRS' actions entailed an "unlawful power grab by one of the most powerful federal agencies".  This is the situation now presenting itself to the legal system in the case of the Plaintiff Dr. I. Ezekwo as the IRS is seeking to override all codes of law so that it can harm the Plaintiff indiscriminately while being free from legal or judicial oversight, this evil by the IRS must be stopped

66. 26 U.S. Code § 7422 - Civil actions for refund

67. "(A) No suit prior to filing claim for refund

68. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

69. As the Plaintiff Dr. I. Ezekwo had filed a complaint with the IRS and the Inspector General, as per26 U.S. Code § 7422, the IRS' illegal collection of tax must be assessed and judged by the court.

70. Graham v IRS

71. "Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Id. "[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. Id. Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. Id. at 561; see also Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury

in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision")."

72. The conclusions of Graham v IRS all stand in the case of the Plaintiff Dr. Ezekwo as she has suffered an injury that is due to the illegal actions of the IRS, thus she must be given a hearing in tax court.

73.

74. Adam Steele v United States

75. " In arguing against certification for declaratory and monetary relief, the United States focuses on the differences between various subsets of class members—specifically attorneys, enrolled agents, CPAs, and unlicensed tax return preparers. Importantly, the proposed class is comprised of all these subgroups, each of which, as defendant points out, has differing "educational, testing, training, [and licensing] requirements." United States' Opp'n to Pls.' Mot. for Class Certification 18. Moreover, each group takes "different advantage of the benefit provided by the Service," that is, the ability to prepare tax returns for compensation. Id. With respect to declaratory relief, the IRS argued that these differences run afoul of FRCP 23(b)'s requirement that the class be "cohesive." Id. at 21. For restitution, the defendant similarly argued that, certification under FRCP 23(b)(3) is inappropriate because in light of the differences between the class's subgroups, "individual issues predominate over class-wide issues." Id. at 13."

76. "The government conceded that for the monetary relief portion of plaintiffs' first claim—that the IRS does not have the authority to issue any PTIN fee—a class can be certified under FRCP 23(b)(3), as class issues will predominate over individual issues. See United States' Opp'n to Pls.' Mot. for Class Certification 15. The United States, however, challenges certification under the monetary relief portion of plaintiffs' second claim—that the fee imposed was excessive."

77. "In its February 9, 2016 Memorandum Opinion, the Court rejected defendant's argument concerning declaratory relief and will now apply the same reasoning to reject the defendant's argument concerning monetary relief. As the Court has already ruled, defendant's contention that members of the plaintiff class will receive varying benefits from the PTIN overlooks that "the measure of fees [imposed under § 9701, which the government uses to justify the PTIN fees,] is the cost of the government of providing the service, not the intrinsic value of the service to the recipients." Seafarers Int'l Union of N. Am. v. US Coast Guard, 81 F.3d 179, 185 (D.C.Cir.1996). Because the IRS has stated time and again that the cost of issuing a PTIN is the same regardless of who receives the pin number (attorneys, CPAs, etc.), see Mem Op. 15, the question of whether the PTIN fee is authorized—or excessive—will be answered in the same way for every class member. Therefore, focusing on costs, class-wide issues predominate over the issues of individual class members, making class certification for plaintiffs' request for restitution appropriate under FRCP 23(b)(3). Consistent with this analysis, the Court will certify the following class as it relates to restitution: "All individuals and entities who have paid an initial and/or renewal fee for a PTIN, excluding Allen Buckley, Allen Buckley LLC, and Christopher Rizek." As such, this entire case—each of plaintiffs' two, alternative claims and their request for both declaratory and monetary relief—is now certified as a class action."

78. This case applies to Dr. I. Ezekwo's case as the IRS overstepped their bounds in their harassment of her.  The IRS' actions were illegal and had no remit or legal standing. Thus the Plaintiff Dr. Ezekwo must have her case heard in tax court and be awarded justice.

79.  Loving v. Internal Revenue Serv.

80. "Summary-Rejecting the Internal Revenue Service's interpretation of a tax statute to authorize new regulation of hundreds of thousands of tax-return preparers"

81. "In this case, three independent tax-return preparers contend that the IRS's new regulations exceed the agency's authority under the statute. The precise question is whether the IRS's statutory authority to "regulate the practice of representatives of persons before the Department of the Treasury" encompasses authority to regulate tax-return preparers. The District Court ruled against the IRS, relying on the text, history, structure, and context of the statute. We agree with the District Court that the IRS's statutory authority under Section 330 cannot be stretched so broadly as to encompass authority to regulate tax-return preparers. We therefore affirm the judgment of the District Court."

82. "Originally passed by Congress and signed by President Chester A. Arthur in 1884, Section 330 of Title 31 authorizes the Secretary of the Treasury—and by extension, the IRS, a subordinate agency within the Treasury Department—to "regulate the practice of representatives of persons before the Department of the Treasury." 31 U.S.C. § 330(a)(1). Before admitting a person to practice as a representative, the IRS may require the applicant to demonstrate "good character," "good reputation," "necessary qualifications to enable the representative to provide to persons valuable service," and "competency to advise and assist persons in presenting their cases." Id. § 330(a)(2). The statute also empowers the IRS to discipline any representative who is "incompetent," "disreputable," "violates regulations prescribed under" Section 330, or who "with intent to defraud, willfully and knowingly misleads or threatens the person being represented or a prospective person to be represented." Id. § 330(b). Such representatives may be fined, or suspended or disbarred from practice. Id."

83. "If we were to accept the IRS's interpretation of Section 330, the IRS would be empowered for the first time to regulate hundreds of thousands of individuals in the multi-billion dollar tax-preparation industry. Yet nothing in the statute's text or the legislative record contemplates that vast expansion of the IRS's authority. This is the kind of case, therefore, where the Brown & Williamson principle carries significant force. Here, as in Brown & Williamson, we are confident that the enacting Congress did not intend to grow such a large elephant in such a small mouse hole. In short, the Brown & Williamson principle strengthens the conclusion that Section 330 does not encompass tax-return preparers."

84. "In our judgment, the traditional tools of statutory interpretation—including the statute's text, history, structure, and context—foreclose and render unreasonable the IRS's interpretation of Section 330. Put in Chevron parlance, the IRS's interpretation fails at Chevron step 1 because it is foreclosed by the statute. In any event, the IRS's interpretation would also fail at Chevron step 2 because it is unreasonable in light of the statute's text, history, structure, and context. It might be that allowing the IRS to regulate tax-return preparers more stringently would be wise as a policy matter. But that is a decision for Congress and the President to make if they wish by enacting new legislation.

21

The "role of this Court is to apply the statute as it is written—even if we think some other approach might accord with good policy." Burrage v. United States, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) (internal quotation marks and brackets omitted). The IRS may not unilaterally expand its authority through such an expansive, atextual, and ahistorical reading of Section 330. As the Supreme Court has directed in words that are right on point here, the "fox-in-the-henhouse syndrome is to be avoided ... by taking seriously, and applying rigorously, in all cases, statutory limits on agencies' authority." City of Arlington v. FCC, ——U.S. ——, 133 S.Ct. 1863, 1874, —— L.Ed.2d —— (2013). We affirm the judgment of the District Court."

85. Similarly to this case, the IRS went beyond its authority in its harassment of Dr.Ezekwo. Thus the Plaintiff Dr. Ezekwo must be heard in tax court and be awarded justice.

86. CIC Services LLC v IRS

87. "The U.S. Supreme Court has handed down a unanimous decision that could help everyone —from tax advisors and the wealthy to low-income individuals and other taxpayers — fight IRS reporting requirements in court."

88. "The court ruled 9-0 Monday, in CIC Services LLC v. IRS (19-930), that an IRS information reporting requirement for users and advisors of micro captive insurance arrangements is different from a tax, even though a taxpayer that violates the reporting requirement might have to pay a penalty."

89. "The federal Anti-Injunction Act of 1867 usually keeps taxpayers who have not yet paid, or intentionally failed to pay, federal taxes from suing for "injunctions," or court rulings that restrain the government from ever trying to collect the taxes.  The IRS cannot use the Anti-Injunction Act to shield IRS reporting requirements from lawsuits seeking injunctions against enforcement of the reporting requirements, the court held."

90. Letting the IRS use the Anti-Injunction Act to block suits seeking injunctions against a reporting requirement would be unconstitutional, Justice Elena Kagan wrote in an opinion for the court. This is because, under the current rules, the only way for a taxpayer to challenge the requirement would be to violate the requirement and face the risk of spending a year in prison.

91. "And that is not the kind of thing an ordinary person risks, even to contest the most burdensome regulation," Kagan wrote. "So the criminal penalties here practically necessitate a pre-enforcement, rather than a refund suit — if there is to be any suit at all."

92. Giving the opinion of the Court Judge Kagan stated: "The Government worries that a ruling for CIC will enfeeble the Anti-Injunction Act. If CIC can bring this suit now, the Government claims, a wave of pre-enforcement actions will follow. Canny plaintiffs will assert non-tax reasons (including objections to regulatory demands) for contesting the imposition of taxes. See Brief for Respondents 32, 38. And in that way, taxpayers will obtain just what the Anti- Injunction Act is meant to foreclose—orders "preemptively shield[ing]" their activities or transactions from "tax consequences." Id., at 13. More and more, the Government warns, tax litigation will shift from refund actions to pre-enforcement suits. And the IRS's ability to assess and collect taxes will decline in proportion."

93.   "The Government, however, much overstates the possible consequences of today's ruling. As we have explained, this suit falls outside the Anti-Injunction Act because the injunction it requests does not run against a tax at all. See supra, at 9–13. The suit contests, and seeks relief from, a separate legal mandate; the tax appears on the scene—as

22

criminal penalties do too—only to sanction that mandate's violation. Or as Judge Nalbandian put the point below: "[T]his is not a dispute over taxes." 925 F. 3d, at 259; see supra, at 5. By contrast, the kind of case the Government invokes in making its floodgates claim is a conflict over taxes, whether on earning income, or selling stock, or entering into a business transaction. In such a case, the legal rule at issue is a tax provision. The tax does not backstop the violation of another law that independently prohibits or commands an action. Instead, the tax imposes a cost on perfectly legal behavior. So there is no target for an injunction other than the command to pay the tax; there is no non-tax legal obligation to restrain. Given that fact, the Anti-Injunction Act bars pre-enforcement review, prohibiting a taxpayer from bringing (as the Government fears) a "preemptive[ ]" suit to foreclose tax liability. Brief for Respondents 13. And it does so always—whatever the taxpayer's subjective reason for contesting the tax at issue. If the dispute is about a tax rule—as it is in the run-of-the-mine suits the Government raises—the sole recourse is to pay the tax and seek a refund."

94. "That is just as true when the tax in question is a so-called regulatory tax—that is, a tax designed mainly to influence private conduct, rather than to raise revenue. This Court has long since "abandoned the view that brightline distinctions exist between regulatory and revenue raising taxes." Bob Jones, 416 U. S., at 743, n. 17; see id., at 741, n. 12; Sonzinsky v. United States, 300 U. S. 506, 513 (1937) ("Every tax is in some measure regulatory"). And for just as long, we have rejected the view that regulatory tax cases have a special pass from the Anti-Injunction Act. A century ago, the Court in Bailey v. George, 259 U. S. 16 (1922), held that the Act barred a pre-enforcement suit challenging a tax intended to discourage the (then lawful) use of child labor. Some 50 years later, the Court in Bob Jones and Americans United similarly held that the Act barred pre-enforcement suits challenging IRS decisions to revoke the  tax-exempt status of entities that had engaged in, respectively, discriminatory conduct and lobbying activity—conduct that was legal but disfavored for tax purposes. See 416 U. S., at 735; 416 U. S., at 755. In doing so, the Court made clear that the plaintiffs' reasons for suing did not matter: It was, for example, irrelevant that Bob Jones University objected to the IRS's "attempt to regulate the admissions policies of private universities." 416 U. S., at 739. Nor did it matter that the tax ruling was in truth an effort to change those policies. Regardless of those facts, the suits sought to prevent the levying of taxes, and so could not go forward. The Anti-Injunction Act, we said then and say again now, draws no distinction between regulatory and revenue- raising tax rules. It applies whenever a suit calls for enjoining the IRS's assessment and collection of taxes—of whatever kind."

95. "What sets this suit apart is that it no more targets a regulatory tax than a revenue-raising one. One last time: CIC's action challenges, in both its substantive allegations and its request for an injunction, a regulatory mandate—a reporting requirement—separate from any tax. Or said otherwise, the suit targets not a regulatory tax, but instead a regulation that is not a tax. Here, the tax functions, alongside criminal penalties, only as a sanction for noncompliance with the reporting obligation. Had Congress, or the IRS acting through a delegation, imposed a tax on micro-captive transactions themselves—and had CIC then brought a pre-enforcement suit to prevent the IRS from applying that tax—the Anti-Injunction Act would have kicked in. Then, CIC would have had to pay the tax and seek a refund. But Congress and the IRS chose a different path. They imposed a non-tax, reporting obligation to address their concerns about micro-captive agreements. And by

that choice, they took suits to enjoin their regulatory response outside the Anti-Injunction Act's domain."

96. "CIC's suit aims to enjoin a standalone reporting requirement, whose violation may result in both tax penalties and criminal punishment. That is not a suit "for the purpose of restraining the [IRS's] assessment or collection" of a tax, and so does not trigger the Anti Injunction Act. We reverse the judgment below and remand the case for further proceedings consistent with this opinion."

97. "It is so ordered."

98. This decision in this case is in line with what happened to Dr.Ezekwo, where the IRS illegally harassed Dr.Ezekwo and stole her income.  Thus the Plaintiff Dr. I. Ezekwo must be given justice in tax court.

99. Other IRS Issues(Cases against IRS)

100.    The IRS has also been sued for its politicization American Center For Law and Justice v IRS.  It has also been sued for its discrimination against individual with disabilities.  National Federation of the The Blind v IRS.  Both these aspects can be found in the Petitioner Dr. Ezekwo's case as money was stolen from her disability payments and she was a victim of hate crime.

101.    <u>26 U.S. Code 7431-7433 and 26 U.S. Code 7435</u>

102.    <u>26 U.S. Code § 7431 - Civil damages for unauthorized inspection or disclosure of returns and return information</u>

103.    "(a)In general

104.    (1)Inspection or disclosure by employee of United States

105.    If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

106.    The IRS criminally went into Dr. I. Ezekwo's information in collusion with Dara Govan and the City of Englewood.  The IRS committed an illegal act in doing this, violating this code.

107.    <u>26 U.S. Code § 7432 - Civil damages for failure to release lien</u>

108.    "(a)In general

109.    If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

110.    The IRS continually put illegal liens on Dr. I. Ezekwo's assets and did not remove them for a decade.  Thus the IRS violated this code.

111.    <u>26 U.S. Code § 7433 - Civil damages for certain unauthorized collection actions</u>

112.    "(a)In general

113.    If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

114. The IRS illegally stole money from Dr. I. Ezekwo. Thus the IRS violated this statute.

115.

116. 26 U.S. Code § 7435 - Civil damages for unauthorized enticement of information disclosure

117. "(a)In general

118. If any officer or employee of the United States intentionally compromises the determination or collection of any tax due from an attorney, certified public accountant, or enrolled agent representing a taxpayer in exchange for information conveyed by the taxpayer to the attorney, certified public accountant, or enrolled agent for purposes of obtaining advice concerning the taxpayer's tax liability, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Such civil action shall be the exclusive remedy for recovering damages resulting from such actions."

119. The IRS placed an illegal phone call to one of Dr. I. Ezekwo's financial agents in an attempt to further attack Dr. I. Ezekwo and stop the legal process, in violation of this code.

120. By these codes of law (26 U.S.C. 7431-7433 and 26.U.S.C. 7435) that were all violated by the IRS in their harassment of Dr. I. Ezekwo, it is clear that Dr. I. Ezekwo has claims and a right to trial due to the illegal acts the IRS committed against her as the IRS put illegal liens against her which they did not remove, illegally disclosed her information and did not follow any holdback of the law that prevent IRS action . The IRS also tried to interfere with Dr. I. Ezekwo's exchanges with a private tax agent again violating 26 U.S.Code 7435.

121. Federal Tort Claims Act

122. 28 U.S. Code § 2671 - Definitions

123. As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

124. "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

125. "Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32, means acting in line of duty.

126. 28 U.S. Code § 2672 - Administrative adjustment of claims

127. "The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury

25

or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: Provided, That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee. Notwithstanding the proviso contained in the preceding sentence, any award, compromise, or settlement may be affected without the prior written approval of the Attorney General or his or her designee, to the extent that the Attorney General delegates to the head of the agency the authority to make such award, compromise, or settlement. Such delegations may not exceed the authority delegated by the Attorney General to the United States attorneys to settle claims for money damages against the United States. Each Federal agency may use arbitration, or other alternative means of dispute resolution under the provisions of subchapter IV of chapter 5 of title 5, to settle any tort claim against the United States, to the extent of the agency's authority to award, compromise, or settle such claim without the prior written approval of the Attorney General or his or her designee."

128. "Subject to the provisions of this title relating to civil actions on tort claims against the United States, any such award, compromise, settlement, or determination shall be final and conclusive on all officers of the Government, except when procured by means of fraud."

129. "Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to this section shall be paid by the head of the Federal agency concerned out of appropriations available to that agency. Payment of any award, compromise, or settlement in an amount in excess of $2,500 made pursuant to this section or made by the Attorney General in any amount pursuant to section 2677 of this title shall be paid in a manner similar to judgments and compromises in like causes and appropriations or funds available for the payment of such judgments and compromises are hereby made available for the payment of awards, compromises, or settlements under this chapter."

130. "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter."

131. 28 U.S. Code § 2674 - Liability of United States

132. " United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

133. "If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof."

134. "With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would

26

have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled."

135.    28 U.S. Code § 2675 - Disposition by federal agency as prerequisite; evidence

136.    "(a)An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

137.    "(b)Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

138.    "(c)Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages."

139.    The IRS clearly violated the Federal Tort claims Act against the Plaintiff Dr. I. Ezekwo as can be seen in this document, therefore the IRS is liable and Dr. Ezekwo has a right to be awarded justice in court.

140.    Privacy Act, 5 USC 552a

141.    "(g)

142.    (1)Civil Remedies.—Whenever any agency

143.    (A)makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

144.    (B)refuses to comply with an individual request under subsection (d)(1) of this section;

145.    (C)fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

146.    (D)fails to comply with any other provision of this section, or any rule promulgated there under, in such a way as to have an adverse effect on an individual,

147.    the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

148.    (2)

149.    (A)In any suit brought under the provisions of subsection (g)(1)(A) of this section, the court may order the agency to amend the individual's record in accordance

with his request or in such other way as the court may direct. In such a case the court shall determine the matter de novo.

150.     (B)The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

151.     (3)

152.     (A)In any suit brought under the provisions of subsection (g)(1)(B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo, and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k) of this section, and the burden is on the agency to sustain its action.

153.     (B)The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

154.     (4)In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—

155.     (A)actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

156.     (B)the costs of the action together with reasonable attorney fees as determined by the court.

157.     (5)An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy, within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation. Nothing in this section shall be construed to authorize any civil action by reason of any injury sustained as the result of a disclosure of a record prior to September 27, 1975.

158.     (1)Criminal Penalties.—

159.     Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited by this section or by rules or regulations established there under, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000.

160.     (2)Any officer or employee of any agency who willfully maintains a system of records without meeting the notice requirements of subsection (e)(4) of this section shall be guilty of a misdemeanor and fined not more than $5,000.

28

161. (3)Any person who knowingly and willfully requests or obtains any record concerning an individual from an agency under false pretenses shall be guilty of a misdemeanor and fined not more than $5,000."

162. The IRS clearly violated the Privacy Act, 5 USC 552a as they disclosed Dr. I. Ezekwo's information in a campaign of harassment with Dara Govan and the City of Englewood and the City of Englewood Police Department.

163. The Fourth Amendment

164. The Fourth Amendment of the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

165. The IRS violated the Fourth Amendment in their harassment of the Plaintiff Dr. I. Ezekwo.

166. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)

167. Primary Holding: The Supreme Court held that it can be inferred that civil litigation can be brought against federal agents who have violated the Fourth Amendment This is because a constitutional protection would not be meaningful if there were no way to seek a remedy for a violation of it.

168. The Supreme Court Held: Petitioner's complaint states a federal cause of action under the Fourth Amendment for which damages are recoverable upon proof of injuries resulting from the federal agents' violation of that Amendment. Pp. 403 U. S. 390-397.

169. Thus by this case, Dr. I. Ezekwo has a right to a trial in court and also to be compensated and awarded justice. Dr. I. Ezekwo has shown clear proof of injuries and evidence of her Fourth Amendment rights being violated by the IRS, Dr. I. Ezekwo must be given justice in court.

## 170. **Legal Argument and Case Law (continued)**

171. 18 U.S.C. § 1503 defines "obstruction of justice" as an act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

172. **OBSTRUCTION OF JUSTICE**

173. 1. By 18 U.S.C. §1503 "obstruction of justice" is described as any act that "corruptly or by threats of force, or by any threatening letter or communication, influences, obstructs or impedes or endeavors to influence, obstruct or impede, the due administration of justice" The IRS has met this definition by buying over corrupt judges to steal from the Plaintiff and take away her constitutional rights.

174. 2. 18 U.S.C. §1505 subjects to criminal liability one who "corruptly influences, obstructs or impedes the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States." The IRS' activities fall under this statute as its actions are impeding ongoing investigations into its behavior by the Department of Justice and the State Attorney of New Jersey, also The IRS is illegally influencing the tax court were the Plaintiff is litigating against it in the hopes of violating the Plaintiff.

175. 3. The IRS' actions also reach the nexus requirement of 18 U.S.C. §1512 as by Aguilar, 515 at 599, 115 S. Ct 2357 as the conduct of the above mentioned actors

29

against the Plaintiff has "a relationship in time, causation or logic with the judicial proceedings" also "the endeavor must have the natural and probable effect of interfering with the due administration of justice"  The actions the IRS reach this nexus requirement and are therefore illegal.

176.    4.    The IRS' obstruction of justice is purposeful, United States v. Mullins 22 F. 3d 1365, 1370(CA6 1994), United State v. Ryan 455 F. 2d 728, 734 (CA9 1972), Pettibone v. United States, 148 U.S. 197 (1893).  Also the "natural and probable" consequence of their actions interfere with due administration of justice, United States v. Thomas, 916 F2.d 647(11 Cir 1990).  In United States v. Brand, 775 F.2d 1460(11 Cir. 1985) the court stated that 18 U.S.C. 1503 proscribes conduct "which produces or which is capable of producing an effect that prevents justice from being duly administered." This is also in Cole v. United States, 329 F.2d 437, 439 (9th Cir.).  Also in United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 261, 65L.Ed. 553(1921) it states 18 U.S.C. §1503 covers "any effort or essay to do or accomplish the evil purpose that the section was enacted to prevent." In United States v. Griffin, 589. F.2d 200, 204 (5th Cir) it states a perjurious grand jury witness can impede justice by "delaying the punishment of the guilty."   These legal cases all demonstrate the IRS is guilty of obstruction of justice.

177.    The IRS is also causing the Plaintiff irreparable harm. Kamerling v. Massanari 295 F.3d 206, 214 (2d Cir. 2002), Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001).

**178.    INTERFERENCE, COERCION, INTIMIDATION, RETALIATION AND DEFAMATION**

179.    Defendants, The IRS violated 18 U.S. Code §35 which states " whoever willfully and maliciously, or with reckless disregard for the safety of human life, imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by this chapter or chapter 97 or chapter 111 of this title-shall be fined under this title, or imprisoned not more than five years, or both"

180.    By intimidating the Plaintiff and significant others at her residence the IRS violated 42 U.S. Code § 3617 which states "it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

181.    Defendants the IRS violated 42 U.S. Code § 12203 that states "(a)RETALIATION No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.(b)INTERFERENCE, COERCION, OR INTIMIDATION It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

182.    The threats from the IRS  are continuous and present United States v. Navarro, 608 F. 3d 529 (9th Cir 2010)); Frasher v. State, 260 A. 2d 656 (Md. Ct. Spec. App.

1970); People v. Petznick, 114 Cal. App. 4th 663(2003); State v. Matson, 921 P. 2d 790 (Kan. 1996).  Also see United States v. Blanco, 754 F. 2d 790 940 (11th Cir. 1985).  The threats from the IRS to the Plaintiff are also of the standard of a well grounded fear. Ruffin v. State, 992 So.2d 1165 (Miss. 2008).  Also there was no fault on the part of the Plaintiff that brought about these threats by the IRS; and thus there cannot be limitations on the fact that there was coercion State v. Gay, 434 S.E. 2d 840 (N.C. 1993) United States v. Blanco, supra.

183. 	In the State of New Jersey, In the New Jersey Code of Criminal Justice criminal justice it is stated " Offense defined. A person is guilty of criminal coercion if, with purpose unlawfully to restrict another's freedom of action to engage or refrain from engaging in conduct he threatens to: (2) accuse anyone of an offense (3) Expose any secret which would tend to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute (4) Take or withhold action as an official, or cause an official to take or withhold action (6) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense (7) Perform any other act which would not in itself substantially benefit the actor but which is calculated to substantially harm another person with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships." NJ Rev Stat 2C:13-5(2013)Also the New Jersey code of criminal justice states "Criminal coercion is a crime of the fourth degree unless the threat is to commit a crime more serious than one of the fourth degree or the actor's purpose is criminal, in which case the offense is a crime of the third degree."

184. 	NJ Rev Stat 2C:13-5(2013) The IRS is guilty of criminal coercion as defined above in the New Jersey Code of Criminal Justice as they are intentionally harming the Plaintiff and her colleagues in all the ways defined in this statute. Due to their criminal acts, the IRS must be criminally prosecuted.

**185. 	VIOLATIONS OF RICO ACT**

186. 	The IRS, Dara Govan, the City of Englewood Police Department   identified the Plaintiff as a common enemy. This falls strictly under RICO but is also covered by Anti-SLAPP (strategic lawsuit against public participation) laws

187. 	The IRS has shown repeat violations of the RICO law that fall under the RICO act.  The sections of the RICO act they have violated are manifold, including section 1344 (relating to financial institution fraud), section 1503 (relating to obstruction of justice), section 1510 (relating to the obstruction of criminal investigation), section 1511 (relating to obstruction of state or local law enforcement), section 1512 (relating to tampering with a witness, victim or informant), section 1513 (relating to retaliation against a witness, victim or informant), section 1951 (relating to interference with commerce, robbery or extortion), section 1546 (relating to fraud and misuse of visas, permits, and other documents), section 1952 (relating to racketeering), section 1956 (relating to laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity),.   The IRS has also violated the Continuing Criminal Enterprise Statute and with corrupt officials are involved in extortion under color of authority as they are illegally gaining by stealing the Plaintiff's property.

188. 	The IRS harassed the Plaintiff Dr.Ezekwo at her home.  There has been documentation of individuals and entities involved in corrupt enterprises(United States v.

31

Kim, Mullen Commission) seeking to skew the legal system in their favor by creating lies and taking up legal time harassing others (Brady v. Maryland, ProPublica.org report-The NYPD Files)the IRS and its criminal associates  fall under this banner.

189.	The RICO act was passed to stop criminal enterprise and the IRS and its criminal associates   clearly fall under this definition Russell v. United States, 464 U.S. 16, 26-27, 104 S. Ct 296, 302-303 78 L. Ed 2d 17(1983); United States v. Turkette, 452 U.S. 576, 589, 101 S S. Ct 2524, 2532, 69 L. Ed. 2d 246 (1981).  By Sedima, S.P.R.L. v Imrex Co., 473 U.S. 479, 496, 105 S. Ct 3275, 3285, 87 L. Ed 2d 346 (1985),The IRS has shown a violation of Section 1962(c ) by (1) conduct (2)of an enterprise (3) through a pattern (4) of racketeering activity, thus the IRS  meets the requirement for prosecution due to violation of RICO.   Defendant the IRS all so falls under the more expansive view of RICO due to them being an enterprise that is involved in numerous acts of racketeering activity that have already been outlined herein. United States v. Phillips 664 F. 2d 971, 1011(5th Cir. Unit B Dec. 1981) cert. denied, 457 U.S. 1136, 102 S. Ct 1265 73 L. Ed. 2d 1354 (1982)

190.	The Defendant the IRS comes under an enterprise for purposes of prosecution for violation of RICO as enterprise is defined as including any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C.A. 1961(4) (West 1984).  In United States v. Delano , 825 F. Supp. 534, 538-39(W.D.N.Y. 1993),aff'd in part, 55 F. 3d 720(2d Cir.1995), cases cited therein, it is stated and held by courts that enterprise has an expansive statutory definition so as to effectuate remedial purposes, this being part of how Congress mandated a liberal construction of the RICO statute.

191.	The Defendant the IRS meets the test of a pattern of racketeering activity as they have countless cases of racketeering every year not just the two within ten years described in RICO. 18 U.S.C.A. 1961(4) (West 1984) and Congress intended this idea of a pattern to be very flexible H.J. Inc., v. Northwestern Bell Tel. Co. 492 U.S.  229, 239, 109 S.Ct 2893, 2900, 106 L. Ed. 2d 195 (1989).  The IRS also falls under the requirement because their racketeering predicates are related and they pose a threat of continued criminal activity and are a serious threat to society. Id The relation of Defendant the IRS' racketeering predicates are present  and fall under RICO as they have the same purposes, the same results, the same participants, the same victims, the same methods of commission and are not isolated events, and are clearly interrelated by their distinguishing characteristics. Id at 240, 109 S. Ct at 2901; Ticor Title Ins. Co. v. Florida, 937 F. 2d 447, 450(9th Cir. 1991). It has also been defined that the degree to which a pattern is established is related to the degree of proximity, or any similarities in goals or methodology, or the number of repetitions; Defendants the IRS falls under this.  United States v. Indelicato 865, 865 F. 2d 1370, 1382(2d Cir.), cert denied, 493 U.S. 811, 110 S. Ct. 56, 107 L.Ed. 2d 24 (1989)

192.	Defendant the IRS meets the continuity part of RICO as by H.J., Inc 492 U.S. at 241-42 continuity refers to either a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.  Defendant the IRS' future crimes are inevitable and their criminal activity is long-term, this falls under the RICO continuity requirement as (1)the acts are part of a long term association that exists for criminal purposes and (2)  they are a regular way of them conducting their daily business, and (3) they are a regular way of them conducting their enterprise.Id  Judge

Scalia wrote it would be absurd to say that "at least a few months of racketeering activity…is generally for free, as far as RICO is concerned" Id at 254, 109 S.Ct at 2908. Therefore as Defendant the IRS' predicate acts demonstrate the threat of long-term racketeering activity, a RICO pattern has been established. Id at 242, 109 S. Ct. at 2902 .The RICO statute states that it is illegal to conspire to violate any of the subsections of 18 U.S.C.A. 1962, which the Defendant the IRS did.

193.        The requisite for RICO conviction is (1) that the defendant agreed to commit the substantive racketeering offense through agreeing to participate in two racketeering acts ;( 2) that he knew the general status of the conspiracy and (3) that he knew the conspiracy extended beyond his individual role.  United States v. Rastelli 870 F. 2d 822, 828 (2d Cir.), cert. denied, 493 U.S. 982, 110 S. Ct. 515, 107 L. Ed. 2d 516 (1989).  Also it has been stated "We adhere to the concept that agreement among the coconspirators is the critical element of a RICO conspiracy and hold that it is irrelevant whether a defendant agrees to commit the racketeering acts as a principal or as an aide and abettor.  If a defendant agrees personally to commit, or to aid and abet the commission of, two predicate acts he may be convicted of a RICO conspiracy violation" United States v Rastelli (citing United States v. Cauble, 706 F. 2d 1322, 1341-42 (5th Cir. 1983), cert. denied, 465 U.S. 1005, 104 S. Ct. 996, 79 L. Ed. 2d 229 (1984)) A defendant can be convicted of RICO violation by aiding and abetting the commission of racketeering acts. United States v Daly, 842 F. 2d 1380, 1389-92 (2d Cir.) And also it is stated "If all of RICO's other requirements are met, an aide and abettor of two predicate acts can be civilly liable under RICO" Petro-Tech, Inc. v Western Co. of North America, 824 F.2d 1349, 1356 (3d Cir. 1987).  And again it is stated "We conclude that under RICO, an individual need not himself commit two requisite predicate offenses, as long as that same individual aids and abets the commission of the predicate offenses" United States v. Local 560 of International Brotherhood of Teamsters, 780 F. 2d 267, 288-89 and n. 25 (3d Cir. 1985).  By these above mentioned cases and legal tenets it is clear that the Defendants the IRS is in violation of RICO in their illegal actions against the Plaintiff. The Defendant the IRS falls under the definition of a racketeering enterprise and has various coconspirators (City of Englewood, Dara Govan etc) in their harassment of the Plaintiff, their illegal activities will inevitably continue in the future, they have not only harassed the Plaintiff by stealing from her disability checks  and assailing  her property but have also put the lives of her family and associates at risk.  The Defendant the IRS has shown a  pattern of repeated illegal activity that will continue  as long as they exist, due to irregularity  being intrinsic to the organization.  The Defendant the IRS and its associates must be prosecuted.

## 194.        Further Legal Violations

195.         The IRS  violated the RICO Act, they are involved in illegal behavior.

196.        The IRS  is in an embezzlement scheme against the Petitioner Dr. I. Ezekwo. The IRS  is perpetuating a hoax against the government in violation of U.S.Code 1031.

197.        This corruption is also what is currently tearing America apart.

198.        The IRS is now rushing through  to stop Dr. Ezekwo having justice, when they have not answered simple questions about their ongoing illegal  activity This is obstruction of justice.

199.     The Plaintiff  Dr. I. Ezekwo is a licensed physician with years of helping and healing people and saving lives.  She is also a priest.  She should not after all her efforts be harassed by the IRS  when IRS has refused to resolve the tax matter and has been taking $1,300.00 every month from Plaintiff and Plaintiff is overpaid the tax and IRS has two years  over $30,000.00 which IRS has no record of in the records even though these taxes were paid. The IRS is perpetuating an argument it knows to be false.   All these actions of The IRS and its allies fall under the RICO Act.

200.     The Plaintiff  Dr. I. Ezekwo has quoted over 100 legal cases and citations and statutes; while the  IRS cannot point to one as there is no precedent for breaking the law. The IRS must compensate the Plaintiff  Dr I. Ezekwo at least $ 1 Billion U.S. dollars

201.     These acts against the Plaintiff Dr. I. Ezekwo are part of an ongoing  hate crime investigation by the State Attorney of New Jersey(Complaint Number #001230).

202.     The actions of the IRS  are a theft crime, which is a stealing of personal property. State v. Winter, 706 P. 2d 1228 (Ariz Ct. App. 1985); Terr v. Maxwell 2 N.M. 250 (1882).   Again theft is the unlawful taking of the property of another and has various facets  (Model Penal Code 223.0-223.9).  Specific intent was shown by the IRS which again makes them guilty of theft.  The IRS  of receiving stolen property as they  knew the money of the Petitioner Dr. I Ezekwo was stolen by them and then proceeded to steal it further for themselves Le Fanti v. United States 259 F.460 (3d Cir 1919); 18Pa Cons. Stat. 3925; State v. Myers, 386 S.W. 3d 786, 794 (Mo. Ct. App. 2012)

203.     Larceny is defined as the taking and carrying away of the personal property that belongs to another with the intent to deprive the person of that property permanently Welch v. Commonwealth, 425 S.E. 2d 101, 104-05 (1992).

204.     The IRS  is involved in larceny Morgan v. Commonwealth, 47  S. W. 2d 543 (Ky. 1932). The IRS also meets the mens rea requirement for larceny People v. Brown, 105 Cal. 66 (1894), also the Plaintiff  Dr. I Ezekwo suffers substantial risk of permanent loss due to the IRS' actions, making the IRS' actions larceny State v. Langis 444 P.2d 959 (Or. 1968).  The IRS showed clear malevolent intent and  taking of the Plaintiff  Dr I. Ezekwo's assets was wrongful  with the intent to deprive her of her income State v. Coombs, 55 Me. 477(1868)

205.     Embezzlement is a unique violation of trust and a theft crime State v. Winter, 706 P.2d 1228 (Ariz Ct. App.1985).  Embezzlement involves fraudulently embezzling or converting personal property of another by someone who has been entrusted with that property with the intent to deprive the owner of that property (from Statute proscribing larceny, theft or embezzlement of property of another, 57 A.L.R. 6th 445).  By these definitions the IRS has partaken in embezzlement of the Petitioner Dr. I. Ezekwo.

206.     The IRS acted with intent and deceit State v. Archie, 123 N.M. 503, 508 (1997) and the IRS has met the requirement of partaking in conversion as they money from the Petitioner Dr I. Ezekwo for corrupt gain Id. The IRS had also been wrongly entrusted with the Plaintiff Dr. Ezekwo's assets, again making them meet the requirement of embezzlement Wagner v. State, 445 Md. 404 (2015); State v. Moss 83 N.M. 42 (1971).

207.     Theft has occurred when a person without lawful authority, knowingly controls the property of another with the intent to deprive her of that property  A.R.S. 13-1802; State v. Aro, 937 P.2d 711**, 6-7(Ariz. Ct. App. 1985).  Again by this definition the IRS has committed theft.

34

208. In the end the IRS partook in theft as they wrongfully acquired money from the Petitioner Dr. I. Ezekwo and the IRS also had wrongful intent (Model Penal Code 223.1; Model Penal Code 233.2). The IRS also used false pretenses because of their misrepresentation and intent to steal money from the Plaintiff Dr. Ezekwo.

209. The IRS' actions involve theft by extortion as with the City of Englewood and other violent assailants, there was the threat of physical injury, property damage and other criminal acts towards the Petitioner Dr. I. Ezekwo Or. Rev. Stat. Ann 164.075; State v. Oar, 161 Idaho 550, 554 (Ct.App. 2016). The IRS also took part in theft by deception when he stole the Petitioner Dr. I. Ezekwo's income Me. Stat. tit. 17-A, 354; Ex parte Day, 481 So. 2d 1169. 1170-73 (Ala. 1985)

210. In the Model Penal Code the IRS' actions meets the definition of robbery Model Penal Code 222.1; Mo. Rev.Stat 570.023; Mo.Rev Stat 570.025; Ark. Code Ann 5-12-102; Ark. Code Ann. 5-12-103; State v. Morrell, 803 P. 2d 292, 293 (Utah Ct. App. 1990); People v. Flynn 77 Cal. App. 4th 766, 772(2000); People v. Estes, 147 Cal. App. 3d 23, 27-28 (Ct. App. 1983).

211. The Plaintiff must be compensated by the IRS for her suffering. The IRS must compensate the Plaintiff at least 1 Billion U.S. dollars.

212. <u>Irreparable harm</u>

213. Under these circumstances Dr. I. Ezekwo and her family are suffering irreparable harm and the loss of constitutional rights. Irreparable harm " is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation" Kamerling v. Massanari.

214. "The injury must be both certain and great and that it must not be merely serious or substantial Irreparable is often suffered when 'the injury cannot be adequately atoned for in money' or when 'the district court cannot remedy [the injury] following a final determination on the merits.'" Prairie Band of *1259 Potawatomi Indians 253 F.3d at 1250

215. Also a plaintiff suffers irreparable harm when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain. Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001)(citing Tri-State Generation & Transmission Assoc., Inc v. Shoshone River Power, Inc., 874 F.2d 1346, 1354 (10th Cir. 1989). This irreparable harm clearly applies to Dr. Ezekwo.

216. Irreparable harm is harm to a party that cannot be monetarily quantified, or which cannot be cured, usually because one party cannot collect damages from the other, as Dr. Ezekwo cannot get remuneration or help once her income is stolen by the IRS, her case clearly falls under this definition as in RJR-MacDonald, at p.341; Christian Philip v. Rajalingam, 2020 ONSC 1925, at para.33. Also in Amphenol Canada Corp v. Sundaram, 2020 ONSC 328(Div. Ct.) at paras 37-39, F.L. Meyers stated "the defendant's ability to pay is very much a part of the interlocutory injunction calculus". And in 2092280 Ontario Inc v. Voralto Group Inc., 2018 ONSC 2305 (CanLII) at para.28. the court wrote "Judgements for damages cannot reasonably be expected to be affordable or collectible against fraudsters". Thus Dr. Ezekwo cannot expect to ever recover from the loss she has suffered at the hands of the IRS if their deeds are allowed to proceed by interfering with the legal process and illegally stealing Dr. Ezekwo's income.

35

217.        **INJURIES AND PRAYER FOR RELIEF**
Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein

**COUNT 1**
218.        **VIOLATION OF 42 U.SC. 1983; TITLE 28 US CODE 1331 AND FEDERAL STATUTORY RIGHTS AND VIOLATIONS OF 1st, 4TH, 5TH, 6TH, 7TH, 8TH, 9th, 14TH, AMMENDMENTS OF THE UNITED STATES CONSTITUTION.**

219.        Defendants have deprived Plaintiff of her Federal constitutional and statutory rights by failing and refusing to provide Plaintiff with justice in her tax case and refusing her due process under the law as described in the above incorporated paragraphs and as required by state and federal laws and statutes and refusing to allow her to keep her income, denied her due process and was taking $1,300.00 month and she is overpaid now by over $100,000.00 and then there is a $ 30,000.00 two year payment that is missing from IRS records and IRS refused all her pleadings and conspired against her and closed her case in tax court without giving her due process and refund and is still taking $1,300.00 from her social security disability check and have hidden all IRS records on the case under seal so IRS is "not embarrassed".
Defendants acted under the color of law when Defendants deprived Plaintiff of Federal rights, property interests and otherwise discriminated against Plaintiff based on prior Plaintiff's disability and race, gender and national origin. As a direct and proximate result of Defendants' violation of 42 U.S.C. 1983 and other state and federal statutes, Plaintiff has sustained injuries and damages
From the above pleadings it is obvious that Plaintiff has been harmed by Defendants and is hereby presenting for the court's consideration for just compensation of loss incurred and will continue incur in the amount of **TWO BILLION US DOLLARS and additional damages to be determined at trial.**

220.        **COUNT 11**
**DISCRIMINATION BASED ON DISABILITY ,RACE, RELIGION, GENDER, AGE AND NATIONAL ORIGIN**

221.        Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein. Plaintiff has been denied and excluded from the benefits made available to disabled taxpayers under the federal disability laws where no more fifteen percent of the social security income can ever be taken by IRS. There also has to be due process which was denied Plaintiff and now here case in tax court is sealed and closed without due process to Plaintiff and without resolution while seizing over $100,000.00 dollars of Plaintiff's money. The services available in the disability community to qualified individuals in the community was denied Plaintiff by the Defendants and trial on her case and transparency to show excessive and now excess amount IRS has extorted from Plaintiff here is denied her despite her current case in tax court which Defendants closed unilaterally without giving Plaintiff justice and with no transparency
Denying Plaintiff the equal/same opportunity to have her case heard and adjudicated in tax court and the excesses calculated and paid back to her is a violation of Plaintiff's

rights clearly protected  by the American's disability act and tax laws. Defendants' actions violate Plaintiff's right. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained injuries, and damages and continues to suffer loss of home, shame, equity and loss of income and damages in the amount of  **TWO BILLION US DOLLARS and additional damages to be determined at trial.**

222.                                   COUNT 111

223.        **ABUSE OF PROCESS; ABUSE OF POWER; DENIAL OF DUE PROCESS;  PUBLIC SHAMING;  OBSTRUCTION OF JUSTICE; INTERFERENCE, COERCION,  INTIMIDATION,  RETALIATION AND DEFAMATION; VIOLATIONS OF  RICO ACT**

224.        Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

225.        Defendants together and severally used abuse of legal process, violation of Plaintiff's rights,  dating of notices and never giving the Plaintiff copy of the motion before deciding on it and redacting and altering Plaintiff's written  testimonies and then sealing the procedural documents and all documents submitted by Plaintiff and then closing the case without due process , claiming they enclose documents they did not enclose, manufacturing nonexistent facts. And refusing to share required legal information with Plaintiff in a timely fashion to enable Plaintiff to act in her best interest in the tax court case.  By co opting the Judge  and the Judge co-opting the six attorneys working for IRS on the matter with a conflict of interest that was not supposed to hear the case and publicly shaming Plaintiff due to prior illness and refusing to listen to current evidence and current law, the Defendants obstructed justice and discriminated against Plaintiff and primed the situation and psychologically and deceptively created cause to steal Plaintiff's money  from her  without due process and while breaking the law and obstructing justice and violating the RICO act.
As a direct and proximate result of Defendants' unlawful  actions and discrimination, abuse of process, obstruction of justice and public shaming, Plaintiff has sustained injuries and damages
in the amount of  **TWO BILLION US DOLLARS and additional damages to be determined at trial.**

226.        WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants providing the following relief:

                    (a) Compensatory damages in whatever amount in excess of  **TWO BILLION DOLLARS,**  exclusive of costs, and interest, that Plaintiff is found to be entitled.

37

(b) Punitive / exemplary damages against Defendants in whatever amount exclusive of costs and interest that Plaintiff is found to be entitled

(c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;   giving Plaintiff due process and hearing on her tax court case and compelling IRS to open the sealed records  and release all the IRS documents and files in this case so that Plaintiff can get the justice she deserves  as she sees fit without the Defendants stealing it from her unlawfully.

(d) An order enjoining/ restraining Defendants from further acts of discrimination or retaliation;

(e) Compelling Defendants to  Unseal the IRS records on the Plaintiff's case and remove the redactions and restore the case to the  tax court calendar and open all IRS records regarding Plaintiff so that this case can be heard in tax court and concluded and justice given to Plaintiff and the Plaintiff money that IRS is wrongfully holding is refunded to her by law.

(f)  An award of interest, costs and reasonable attorney's fees.

(g) Any and all remedies provided pursuant to Federal and state statute and regulations on Plaintiff's disability  and ADA statues.

(h) Take other appropriate nondiscriminatory measures to overcome the above discrimination and lawlessness of the Defendants

(i) Such other and further relief as the court deems appropriate.

227.    Respectfully Submitted;
"/s/ *IfeomaEzekwo*"
Ifeoma Ezekwo,  Plaintiff
400 Tenafly Road #1002, Tenafly, NJ 07670
 (201) 674 9548    avitacares@yahoo.com

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated July 7th  2022                                      Respectfully submitted;

                                                            "/s/*IfeomaEzekwo*"

                                                     Dr. Ifeoma Ezekwo, MD
                                                     400 Tenafly Road, # 1002
                                                     Tenafly NJ 07670
                                                     (201) 674 9548    avitacares@yahoo.com.


### Statement of Verification

I have read the above complaint and it is correct to the best of my knowledge.

Dated July 7th  2022

Respectfully submitted;

"/s/*IfeomaEzekwo*"

Dr. Ifeoma Ezekwo, MD
400 Tenafly Road, # 1002
Tenafly NJ 07670
 (201) 674 9548           avitacares@yahoo.com.

39

**Case List For Opposition To Redaction and Sealing of records**

1.  18 U.S. Code § 1519

2.  In re Knoxville Journal Corporation 723 F.2d 470 (1983)

3.  United States v. SCRAP, 412 U.S. 669, 688-689, 93 S.Ct. 2405, 2416-2417, 37 L.Ed.2d 254 (1973)

4.  Preiser v. Newkirk,  422 U.S. 395, 95 S. Ct. 2330(1975)

5.  Hall v. Beals, 396 U.S. 45, 90 S. Ct. 200(1969)

6.  Brown & Williamson v. F.T. C., 710 F.2d 1165 (6th Cir. 1983)

7.  In Re Application of National Broadcasting Co., Inc., (United States v. Criden I), 648 F.2d 814, 819 (3d Cir.1981)

8.  In Re Application of National Broadcasting Co., Inc., (United States v. Jenrette), 653 F.2d 609, 612 (D.C.Cir.1981)

9.  In Re Application National Broadcasting Co., Inc., (United States v. Myers), 635 F.2d 945, 949 (2d Cir.1980)

10. United States v. Mitchell, 551 F.2d 1252, 58-60 (D.C.Cir.1976)

11. Nixon v. Warner Communications, 435 U.S. 589, 98 S. Ct. 1306 (1978)

12. Ex Parte Drawbraugh, 2 App.D.C. 404 (1894)

13. Associated Press v. United States District Court, 705 F.2d 1143, 1146 n. 1 (9th Cir.1983)

14. Younger, The Sheppard Mandate Today: A Trial Judge's Perspective, 56 Neb.L.Rev. 1, 6-7 (1977)

15. United States v. Criden 675 F.2d 550 (3d Cir. 1982)

16. United States v. Criden 681 F.2d 919 (3d Cir. 1982)

17. Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, 184, 89 S.Ct. 347, 353, 21 L.Ed.2d 325 (1968)

18. United States v. Brooklier, 685 F.2d 1162 (9th Cir. 1982)

19. Gannett v. DePasquale,  443 U.S. 368, 99 S. Ct. 2898 (1979)

20. United States v. Mitchell, 551 F.2d 1252 (D.C. Cir. 1976)

21. Kamakana v. City and County of Honolulu 447 F.3d 1172 (9th Cir. 2006)

22. Valley Broadcasting Co. v. United States District Court for the District of Nevada, 798 F.2d at 1294 (9th Cir. 1986)

23. Foltz v. State Farm Mutual Ins. Co., 331 F.3d at 1122 (9th Cir. 2003)

24. Kasza v. Browner, 133 F.3d 1159, 1175 (9th Cir. 1998)

40

25. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475-76 (9th Cir. 1992)

26. Oliner v Kontrabecki 745 F.3d 1024 (2014)

27. Joy v. North, 692 F.2d 880, 894 (2d Cir.1982)

28. Tex. R. Civ. P. 76a

29. In re John Doe Corporation, 675 F.2d 482 (2d Cir.1982)

30. Hagestad v. Tragesser 49 F.3d 1430 (1995)

31. Valley Broadcasting Co. v. United States District Court for the District of Nevada, 798 F.2d 1289 (9th Cir. 1986)

32. United States v. Edwards, 672 F.2d 1289, 1294 (7th Cir. 1982)

33. EEOC v. Erection Co., Inc., 900 F.2d 168, 169 (9th Cir. 1990)

34. Federal Rules of Civil Procedure, Rule 26


## Case List for Opposition To Summary Judgment

1. 26 U.S. Code 7431-7433 and 26 U.S. Code 7435

2. Federal Tort Claims Act

3. 28 U.S. Code § 2671-2675

4. The Privacy Act, 5 USC 552a

5. The Fourth Amendment of the U.S. Constitution

6. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)

7. 26 U.S. Code § 7422

8. Graham v IRS No. 21-CV-1411

9. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008).

10. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)

11. Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016)

12. Adam Steele v United States 260 F. Supp. 3d 52 (D.D.C. 2017)

13. United States' Opp'n to Pls.' Mot. for Class Certification 15

14. Seafarers Int'l Union of N. Am. v. US Coast Guard, 81 F.3d 179, 185 (D.C.Cir.1996)

15. Loving v. Internal Revenue Serv. 917 F.Supp. 2d 67, 79 (D.D.C. 2013)

16. Burrage v. United States, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014)

41

17. City of Arlington v. FCC, ——U.S. ——, 133 S.Ct. 1863, 1874, —— L.Ed.2d —— (2013).

18. CIC Services LLC v IRS 925 F. 3d 247(19-930)

19. Sonzinsky v. United States, 300 U. S. 506, 513 (1937)

20. Bob Jones University v. Simon, 416 U.S. 725 (1974)

21. American Center For Law and Justice v IRS(www.aclj.org)

22. National Federation of the The Blind v IRS (www.nfb.org)

23. Americans with Disabilities Act

24. Kamerling v. Massanari 295 F.3d 206, 214 (2d Cir. 2002)

25. Prairie Band of *1259 Potawatomi Indians 253 F.3d at 1250. (10th Cir. 2001)

26. Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001)

27. Tri-State Generation & Transmission Assoc., Inc v. Shoshone River Power, Inc., 874 F.2d 1346, 1354 (10th Cir. 1989)

28. RJR-MacDonald, at p.341;

29. Christian Philip v. Rajalingam, 2020 ONSC 1925, at para.33.

30. Amphenol Canada Corp v. Sundaram, 2020 ONSC 328(Div. Ct.) at paras 37-39

31. State v. Winter, 706 P. 2d 1228 (Ariz Ct. App. 1985)

32. Terr v. Maxwell 2 N.M. 250 (1882)

33. Model Penal Code 223.0-223.9

34. Le Fanti v. United States 259 F.460 (3d Cir 1919)

35. 18Pa Cons. Stat. 3925

36. State v. Myers, 386 S.W. 3d 786, 794 (Mo. Ct. App. 2012)

37. Welch v. Commonwealth, 425 S.E. 2d 101, 104-05 (1992)

38. Morgan v. Commonwealth, 47  S. W. 2d 543 (Ky. 1932)

39. People v. Brown, 105 Cal. 66 (1894)

40. State v. Langis 444 P.2d 959 (Or. 1968)

41. State v. Coombs, 55 Me. 477(1868)

42. State v. Winter, 706 P.2d 1228 (Ariz Ct. App.1985)

43. Statute Proscribing Larceny, Theft or Embezzlement of Property of Another, 57 A.L.R. 6th 445

44. State v. Archie, 123 N.M. 503, 508 (1997)

45. Wagner v. State, 445 Md. 404 (2015)

46. State v. Moss 83 N.M. 42 (1971)

47. A.R.S. 13-1802;

48. State v. Aro, 937 P.2d 711**, 6-7(Ariz. Ct. App. 1985)

49. Model Penal Code 223.1

50. Model Penal Code 233.2

51. Or. Rev. Stat. Ann 164.075

52. State v. Oar, 161 Idaho 550, 554 (Ct.App. 2016)

53. Me. Stat. tit. 17-A, 354

54. Ex parte Day, 481 So. 2d 1169. 1170-73 (Ala. 1985)

55. Model Penal Code 222.1

56. Mo. Rev.Stat 570.023

57. Mo.Rev Stat 570.025

58. Ark. Code Ann 5-12-102

59. Ark. Code Ann. 5-12-103

60. State v. Morrell, 803 P. 2d 292, 293 (Utah Ct. App. 1990)

61. People v. Flynn 77 Cal. App. 4th 766, 772(2000)

62. People v. Estes, 147 Cal. App. 3d 23, 27-28 (Ct. App. 1983)

63. U.S. Code 1031

64. The Racketeer Influenced and Corrupt Organizations Act (RICO)

65. 18 U.S.C. 1503

66. 18 U.S.C. 1505

67. 18 U.S.C. 1512

68. Aguilar, 515 at 599, 115 S. Ct 2357

69. United States v. Mullins 22 F. 3d 1365, 1370(CA6 1994),

70. United State v. Ryan 455 F. 2d 728, 734 (CA9 1972),

71. Pettibone v. United States, 148 U.S. 197 (1893)

72. United States v. Thomas, 916 F2.d 647(11 Cir 1990).

73. In United States v. Brand, 775 F.2d 1460(11 Cir. 1985)

74. Cole v. United States, 329 F.2d 437, 439 (9th Cir.).

75. United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 261, 65L.Ed. 553(1921)

76. United States v. Griffin, 589. F.2d 200, 204 (5th Cir)

77. 18 U.S. Code §35

78. 42 U.S. Code § 3617

79. 42 U.S. Code § 12203

80. United States v. Navarro, 608 F. 3d 529 (9th Cir 2010)

81. Frasher v. State, 260 A. 2d 656 (Md. Ct. Spec. App. 1970)

82. People v. Petznick, 114 Cal. App. 4th 663(2003)

83. State v. Matson, 921 P. 2d 790 (Kan. 1996)

84. United States v. Blanco, 754 F. 2d 790 940 (11th Cir. 1985).

85. Ruffin v. State, 992 So.2d 1165 (Miss. 2008).

86. State v. Gay, 434 S.E. 2d 840 (N.C. 1993) United States v. Blanco, supra.

87. NJ Rev Stat 2C:13-5(2013)

88. Mollen Commission( New York 1994)

89. Brady v. Maryland, 373 U.S. 83 (1963)

90. www.ProPublica.org report-The NYPD Files

91. Russello v. United States, 464 U.S. 16, 26-27, 104 S. Ct 296, 302-303 78 L. Ed 2d 17(1983);

92. United States v. Turkette, 452 U.S. 576, 589, 101 S S. Ct 2524, 2532, 69 L. Ed. 2d 246 (1981).

93. By Sedima, S.P.R.L. v Imrex Co., 473 U.S. 479, 496, 105 S. Ct 3275, 3285, 87 L. Ed 2d 346 (1985),

94. United States v. Phillips 664 F. 2d 971, 1011(5th Cir. Unit B Dec. 1981)cert. denied, 457 U.S. 1136, 102 S. Ct 1265 73 L. Ed. 2d 1354 (1982)

95. 18 U.S.C.A. 1961(4) (West 1984)

96. United States v. Delano , 825 F. Supp. 534, 538-39(W.D.N.Y. 1993),aff'd in part, 55 F. 3d 720(2d Cir.1995)

97. H.J. Inc., v. Northwestern Bell Tel. Co. 492 U.S.  229, 239, 109 S.Ct 2893, 2900, 106 L. Ed. 2d 195 (1989)

98. Ticor Title Ins. Co. v. Florida, 937 F. 2d 447, 450(9th Cir. 1991)

99. United States v. Indelicato 865, 865 F. 2d 1370, 1382(2d Cir.), cert denied, 493 U.S. 811, 110 S. Ct. 56, 107 L.Ed. 2d 24 (1989)

100.      United States v. Rastelli 870 F. 2d 822, 828 (2d Cir.), cert. denied, 493 U.S. 982, 110 S. Ct. 515, 107 L. Ed. 2d 516 (1989).

101.      United States v. Cauble, 706 F. 2d 1322, 1341-42 (5th Cir. 1983), cert. denied, 465 U.S. 1005, 104 S. Ct. 996, 79 L. Ed. 2d 229 (1984)

102.      United States v Daly, 842 F. 2d 1380, 1389-92 (2d Cir.

103.      Petro-Tech, Inc. v Western Co. of North America, 824 F.2d 1349, 1356 (3d Cir. 1987).

104.      United States v. Local 560 of International Brotherhood of Teamsters, 780 F. 2d 267, 288-89 and n. 25 (3d Cir. 1985).

## APPENDIX 1

**APPENDIX 1. COPY OF COMPLAINTS FILED WITH INSPECTOR GENERAL OF IRS IN 2017.**

**Information regarding the employee(s) you wish to report:**

AGENT 1:

Mr. Gerald Moise
Revenue Officer
ID NO. 22-06101
SB/SE AREA 3
1 KALISA WAY
PARAMUS, NJ 07652

**Enter your complaint in the space below**:
June 23, 2017

From:
Dr. Ifeoma Ezekwo, MD
400 Tenafly Road
#1002
Tenafly, NJ 07670

To:

Treasury Inspector General for Tax Administration
P.O. Box 589
Ben Franklin Station
Washington, DC 20044-0589

Dear Sir;
**RE: REPORT OF MISCONDUCT AND IMPROPRITIES OF TWO IRS AGENTS WHO ARE ILLEGALLY ACCESSING AND ACTING ON MY TAX RECORDS OUTSIDE THEIR JURISDICTION WITHOUT ANY ACCOUNTABILITY OF THEIR ACTIONS DUE TO THEIR RETALIATORY ANIMUS AND VENDETTA  AND ABUSE OF POWER AND COLLUSION BECAUSE OF PENDING FEDERAL COURT  POLICE BRUTALITY CASE AND OTHER ASSOCIATED MATTERS**

Please attached are the two forms of complaints against two IRS agents (Agent 1 and Agent 2 their details enclosed) who are illegally and fraudulently accessing my tax records outside their jurisdiction; falsely classifying business status and location and seizing my social security to the tune of the excess of $1200.00 (one thousand two hundred dollars) per month without any accounting of the money and statements whatsoever due to police brutality matter against

46

me and my family.

On top of that the second reported IRS agent then again out of further vendetta and punitive and retaliatory animus prompted by my report of Dara Govan of DOJ due to her misconducts against me, went ahead without any mention of this monthly amount put levies on all my properties "past, present, and future and without even giving me any prior notice or any due process even though the first agent was taking all these unaccounted for money from my social security and have refused to communicate with my counsel on the matter despite numerous contacts and forwarding all documents required and requesting the tax documents to review and legally and properly resolve the matter.

So it is obvious from the actions of the first agent and then the second agent that their interest is not in the legal resolution of the matter, rather it is for the hassle and vendetta and "punishment" on behalf of their cronies as I will explain. The actions of these two agents are reprehensible and I therefore ask for a full and thorough investigation of their actions to bring them to justice.

Please know that my business was in New York and my filings were in New York State, and these agents are in New Jersey and harassing me at my private residence in New Jersey again due to their abuse of their position of using their access to look up taxpayer information in order to "hassle" someone for their cronies illegally.

 Also know that other than the actions they have taken illegally and without due process against me and my tax records and my money, my counsel's attempt to bring resolution or even get any type of information from these rogue agents has fallen on deaf ears and also there has been absolutely no accounting to me where the money they have taken is and presently this must be over $50,000.00 (fifty thousand dollars) at the present moment.

In a case that is presently in Federal court, New Jersey,  you  can read  all the horrific and graphic details  and watch the video of the most gruesome, inhumane, premeditated  attempted murder and un provoked  gross and brutal  physical assault against my  innocent son Dr. C. Ezekwo  by rogue Englewood police officers namely Christopher Quirk, Thornton White, and Michael Christiansen  that left him  with brain concussion, head lacerations, broken nose, broken ribs, dislocated wrists and multiple other body injuries as

47

well pepper spray  directly into his eyes  and left alone bleeding inside his hospital room 23 in Englewood hospital and stroke suffered by me, his  mother who they threw on the floor and falsely accused on May 5 2013 and the false reports and perjury and 19 counts of other criminal actions by these same Englewood police officers  and the subsequent massive cover up by the city of Englewood and the  persistent harassment of the my family  by all ranks and file of Englewood city officials.

It was right after this ordeal that IRS agent 1 in early summer of 2013 started coming to my private residence, wandering in the lawn, peering through windows, banging on doors like a criminal intruder.

My attorney could not understand why he was coming to my private residence in New Jersey if the business is in New York and I am out sick on Disability and also why he did not send a mail but found it necessary to harass me at home where I am ill, and again just had a stroke from the consequences of the recent police brutality and nursing my son who the police officers almost murdered.

Without any written notice to me to the effect or any due process, agent 1 seized my social security income to the tune of $1200.00 a month, which is against my disability statutes which have been in effect since fall of 2011. This was depriving me of my livelihood. Any attempts suggested by my counsel to relieve or resolve the matter proved futile. In my attorneys' office we called this agent together in June 2014, my attorney wanted to know why he was coming to my home and also why he was handling a New York business in New Jersey. Agent 1 was actively trying to dissuade my attorney from representing me but my attorney insisted and again faxed him all the power of attorney forms for the upton times and he confirmed that he has them. My attorney asked him to send him all the documents and every account he has so he can review and resolve it, he also asked him why he is taking my social security income the way and amount he was doing it which is against the law, for which he gave no answer. He never sent those documents to my attorney or myself and never stopped taking the amount of money to this date. He also never sent any accounting about how he is applying any payment or that it is even being applied or where the money is to this day. In fact, there must by now be over

48

$50,000.00(fifty thousand dollars) that he has taken of my money which is illegal and there is no accounting on it from him or IRS.

Agent 2, which is the second agent involved in this debacle, then in June 2016, without any notice to me or my attorney who has a power of attorney on file with IRS and with agent 1, and without any due process allowances, proceeded to lien all my properties for past, present and future as his attached notice reads. There was no accounting; there was no mention of the amount $1200.00(one thousand two hundred dollars) a month agent 1 was taking. In fact there is no evidence that  agent 2 looked into the file to review prior activity by agent 1 or it may be that Agent 1 was hiding what he was doing to my file elsewhere  or that  agent 2 chose to ignore that whilst carrying out her dubious actions.  These illegal liens were this time propagated by this agent 2 in retaliation because we have complained about Dara Govan, of DOJ because of the surreptitious way she was handling our civil rights complaint against Englewood police and the matter was referred to two other agencies for investigation.

So it was right after this that agent 2 carried this out as "punishment" and vendetta. Agent 2 again never responded to my attorney and his power of attorney and gave no accounting and even which property he has lien on and for how much. Again there was no due process but there was by their actions their refusal for me to be represented by counsel whose power of attorney is on file with IRS.

In conclusion; what happened here is illegal, against IRS policy, collusion, misuse of private taxpayer information by rogue IRS agents for surreptitious vendetta/ hate motivated actions without authorization of superiors and without oversight and fiscal accountability. So I request the following:

1.  Thorough and careful investigation of both Agent 1 and Agent 2(see their attached names and locations and ID) about what happened and all their illegal activities involved in this case.

2.  Where the funds they have collected so far is kept and applied as there has been no accounting either from IRS or these rogue IRS agents

49

3. Why agent 1 first and then agent 2 are refusing to resolve this matter with counsel while continuing to abuse the power of their position and illegal search of taxpayer data for vendetta and surreptitious purposes and illicit favors .

4. Full investigation of all the IRS agents involved with this along with their outside contacts in other agencies involved in this illegal seizure and liens that they are doing illegal favors by harassing me.

5. Full accounting of my taxes and full communication with my attorney and myself to resolve the matter.

6. Removal of illegal liens put on my properties and full investigation of the IRS officer who did that illegally and secretly even though they know I am represented by counsel and they are taking illegal amounts of money from social security disability not authorized by law and they are violating due process laws.

7. Full disciplinary action against all agents involved in this abuse of their power and position and accessing taxpayer data outside their jurisdiction in a criminal manner and with retaliatory animus.

8. Immediate refund of the amount of my social security taken by these rogue IRS agents as that is what is required by law to remedy the harm and suffering they caused me. This must be in the amount of about $50,000.00(fifty thousand dollars).

9. Removal of any and all interests on my account on the contention that it was the IRS agents who deliberately stone walled the resolution of this matter and violated my rights as a taxpayer.

10. Report these two rogue IRS agents as violators of the US disability act and have them criminally prosecuted for their illegal actions.

50

Please inform me about your prompt resolution of this horrific matter and send me all my information you have on file in IRS for my review and full investigation.
Thank you.

Respectfully submitted;

Dr. Ifeoma Ezekwo, M.D.

**IRS agents on report 06 23 2017**
AGENT 1:
Mr. Gerald Moise
Revenue Officer
ID NO. 22-06101
SB/SE AREA 3
1 KALISA WAY
PARAMUS, NJ 07652

AGENT 2:
CHERYL CORDERO
For
P.A. Belton
ID NO. 22-28PHIL
CCP- LU ACS CORRESPONDENCE
P.O. BOX 145566, STOP 813G CSC
CINCINNATI, OH 45250-5566

**Please enter your name, address, and/or your telephone number below. This will assist us if we need to get in touch with you for additional information.**

Dr. Ifeoma Ezekwo, MD
400 Tenafly Road
#1002
Tenafly, NJ 07670
 201 674 9548

**Information regarding the employee(s) you wish to report:**

AGENT 2:

CHERYL  CORDERO

For

P.A. Belton

ID NO. 22-28PHIL

CCP- LU ACS CORRESPONDENCE

P.O. BOX 145566, STOP 813G CSC

CINCINNATI, OH 45250-5566

**Enter your complaint in the space below**:

See attached letter

June 23, 2017

From:

Dr. Ifeoma Ezekwo, MD

400 Tenafly Road

#1002

Tenafly, NJ 07670

To:

Treasury Inspector General for Tax Administration
P.O. Box 589
Ben Franklin Station
Washington, DC 20044-0589

Dear Sir;

**RE:  REPORT OF MISCONDUCT AND IMPROPRITIES OF TWO IRS AGENTS WHO ARE ILLEGALLY ACCESSING AND ACTING ON MY TAX RECORDS OUTSIDE THEIR JURISDICTION WITHOUT ANY ACCOUNTABILITY OF THEIR ACTIONS DUE TO THEIR RETALIATORY ANIMUS AND VENDETTA  AND ABUSE OF POWER AND COLLUSION BECAUSE OF PENDING FEDERAL COURT  POLICE BRUTALITY CASE AND OTHER ASSOCIATED MATTERS**

Please attached are the two forms of complaints against two IRS agents(Agent 1 and Agent 2 their details enclosed) who are illegally and fraudulently accessing my tax records outside their jurisdiction; falsely classifying business status and location and seizing my social security to the tune of the excess of $1200.00 (one thousand two hundred dollars) per month without any accounting of the money and statements whatsoever due to police brutality matter against me and my family.

On top of that the second reported IRS agent then again out of further vendetta and punitive and retaliatory animus prompted by my report of Dara Govan of DOJ due to her misconducts against me, went ahead without any mention of this monthly amount put levies on all my properties "past, present, and future and without even giving me any prior notice or any due process even though the first agent was taking all these unaccounted for money from my social security and have refused to communicate with my counsel on the matter despite numerous contacts and forwarding all documents required and requesting the tax documents to review and legally and properly resolve the matter.

So it is obvious from the actions of the first agent and then the second agent that their interest is not in the legal resolution of the matter, rather it is for the hassle and vendetta and "punishment" on behalf of their cronies as I will explain. The actions of these two agents are reprehensible and I therefore ask to full and thorough investigation of their actions to bring them to justice.

Please know that my business was in New York and my filings were in New York State, and these agents are in New Jersey and

53

harassing me at my private residence in New Jersey again due to their abuse of their position of using their access to look up taxpayer information in order to "hassle" someone for their cronies illegally.

Also know that other than the actions they have taken illegally and without due process against me and my tax records and my money, my counsel's attempt to bring resolution or even get any type of information from these rogue agents has fallen on deaf ears and also there has been absolutely no accounting to me where the money they have taken is and presently this must be over $50,000.00 (fifty thousand dollars) at the present moment.

In a case that is presently in Federal court, New Jersey, you can read all the horrific and graphic details and watch the video of the most gruesome, inhumane, premeditated attempted murder and un provoked gross and brutal physical assault against my innocent son Dr. C. Ezekwo by rogue Englewood police officers namely Christopher Quirk, Thornton White, and Michael Christiansen that left him with brain concussion, head lacerations, broken nose, broken ribs, dislocated wrists and multiple other body injuries as well pepper spray directly into his eyes and left alone bleeding inside his hospital room 23 in Englewood hospital and stroke suffered by me, his mother who they threw on the floor and falsely accused on May 5 2013 and the false reports and perjury and 19 counts of other criminal actions by these same Englewood police officers and the subsequent massive cover up by the city of Englewood and the persistent harassment of the my family by all ranks and file of Englewood city officials.

It was right after this ordeal that IRS agent 1 in early summer of 2013 started coming to my private residence, wandering in the lawn, peering through windows, banging on doors like a criminal intruder.

My attorney could not understand why he was coming to private residence in New Jersey if the business is in New York and I am out sick on Disability and also why he did not send a mail but found it necessary to harass me at home where I am ill, and again just had a

54

stroke from the consequences of the recent police brutality and nursing my son who the police officers almost murdered.

Without any written notice to me to the effect or any due process, agent 1 seized my social security income to the tune of $1200.00 a month, which is against my disability statutes which have been in effect since fall of 2011. This was depriving me of my livelihood. Any attempts suggested by my counsel to relieve or resolve the matter proved futile. In my attorneys' office we called this agent together in June 2014, my attorney wanted to know why he was coming to my home and also why he was handling a New York business in New Jersey. Agent 1 was actively trying to dissuade my attorney from representing me but my attorney insisted and again faxed him all the power of attorney forms for the up ton times and he confirmed that he has them. My attorney asked him to send him all the documents and every account he has so he can review and resolve it, he also asked him why he is taking my social security income the way and amount he was doing it which is against the law, for which he gave no answer. He never sent those documents to my attorney or myself and never stopped taking the amount of money to this date. He also never sent any accounting about how he is applying any payment or that it is even being applied or where the money is to this day. In fact, there must by now be over $50,000.00(fifty thousand dollars) that he has taken of my money which is illegal and there is no accounting on it from him or IRS.

Agent 2, which is the second agent involved in this debacle, then in June 2016, without any notice to me or my attorney who has a power of attorney on file with IRS and with agent 1, and without any due process allowances, proceeded to lien all my properties for past, present and future as his attached notice reads. There was no accounting; there was no mention of the amount $1200.00(one thousand two hundred dollars) a month agent 1 was taking. In fact there is no evidence that  agent 2 looked into the file to review prior activity by agent 1 or it may be that Agent 1 was hiding what he was doing to my file elsewhere  or that  agent 2 chose to ignore that whilst carrying out her dubious actions.  These illegal liens were this time propagated by this agent 2 in retaliation because we have complained about Dara Govan, of DOJ because of the surreptitious way she was handling our civil rights complaint against Englewood police and the matter was referred to two other

55

agencies for investigation.

So it was right after this that agent 2 carried this out as "punishment" and vendetta. Agent 2 again never responded to my attorney and his power of attorney and gave no accounting and even which property he has lien on and for how much. Again there was no due process but there was by their actions their refusal for me to be represented by counsel whose power of attorney is on file with IRS.

In conclusion; what happened here is illegal, against IRS policy, collusion, misuse of private taxpayer information by rogue IRS agents for surreptitious vendetta/ hate motivated actions without authorization of superiors and without oversight and fiscal accountability. So I request the following:

1. Thorough and careful investigation of both Agent 1 and Agent 2(see their attached names and locations and ID) about what happened and all their illegal activities involved in this case.

2. Where the funds they have collected so far is kept and applied as there has been no accounting either from IRS or these rogue IRS agents

3. Why agent 1  first  and then  agent 2 are  refusing to resolve this matter with counsel while continuing to abuse the power of their  position and illegal search of taxpayer data for vendetta and surreptitious purposes and illicit favors .

4. Full investigation of all the IRS agents involved with this along with their outside contacts in other agencies involved in this illegal seizure and liens that they are doing illegal favors by harassing me.

5. Full accounting of my taxes and full communication with my attorney and myself to resolve the matter.

6. Removal of illegal liens put on my properties and full investigation of the IRS officer who did that illegally and secretly even though they know I am represented by counsel and they are taking illegal amounts of money from social security disability not authorized by law and they are

56

violating due process laws.

7.  Full disciplinary action against all agents involved in this abuse of their power and position and accessing taxpayer data outside their jurisdiction in a criminal manner and with retaliatory animus.

8.  Immediate refund of the amount of my social security taken by these rogue IRS agents as that is what is required by law to remedy the harm and suffering they caused me. This must be in the amount of about $50,000.00(fifty thousand dollars).

9.  Removal of any and all interests on my account on the contention that it was the IRS agents who deliberately stone walled the resolution of this matter and violated my rights as a taxpayer.

10.  Report these two rogue IRS agents as violators of the US disability act.

Please inform me about your prompt resolution of this horrific matter and send me all my information you have on file in IRS for my review and full investigation.

Thank you.

Respectfully submitted;

Dr. Ifeoma Ezekwo, M.D.


**IRS agents on report 06 23 2017**

AGENT 1:

Mr. Gerald Moise

Revenue Officer

ID NO. 22-06101

SB/SE AREA 3

1 KALISA WAY

PARAMUS, NJ 07652

AGENT 2:

CHERYL  CORDERO

For

P.A. Belton

ID NO. 22-28PHIL

CCP- LU ACS CORRESPONDENCE

P.O. BOX 145566, STOP 813G CSC

CINCINNATI, OH 45250-5566


**Please enter your name, address, and/or your telephone number below. This will assist us if we need to get in touch with you for additional information.**


Dr. Ifeoma Ezekwo, MD

400 Tenafly Road

#1002

Tenafly, NJ 07670

 201 674 9548


**APPENDIX 2 BELOW LETTER OF JULY 7, 2014 BY PETITIONER'S COUNSEL TO IRS AGENT MOISE.**



TRENK · DiPASQUALE
DELLA FERA · SODONO

**Anthony Sodono III**
Director
Direct: 973-323-8656
asodono@trenklawfirm.com

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P: 973-243-8600
F: 973-243-8677

July 7, 2014

3025-0001

Mr. Gerald Moise
Revenue Officer
1 Kalisa Way
Paramus, NJ 07652

Re:    **Summons issued to Ifeoma Ezekwo**

Dear Mr. Moise:

This firm represents Ifeoma Ezekwo.

Ms. Ezekwo received a summons from you regarding a "small business/self employed." The summons is quite confusing because it does not indicate what business you are referring to. Ms. Ezekwo is an individual.

I am also enclosing an executed Power of Attorney Form 2848. I need to clarify your request for documents and then we can discuss the logistics of an examination.

Please contact me with any questions. I appreciate your cooperation.

Sincerely,

Anthony Sodono, III

AS:jo
Enclosures

4844-1839-6188, v. 1

New Jersey ■ New York ■ Pennsylvania ■ California
trenklawfirm.com

59



Copy of certified letter receipt sent to Inspector General of IRS about the IRS agents on June 30 2017 by Dr Ezekwo.

**APPENDIX 2**

# IRS Reports on Several Cases of Unauthorized Access to Taxpayer Data

By Tom Long | Published May 23, 2022

In a report that was recently published by the Government Accountability Office (GAO), there were several findings about the willful and unauthorized access of taxpayer data by IRS employees.

## Data For the Decade

According to the report, the IRS has conducted roughly 1,700 investigations of its employees over the last decade. More than 25% of these investigations proved wrongdoings that led to IRS employees being suspended, sending resignation letters, and even being fired in some cases.

## More Scrutiny Towards IRS

As mentioned in several of our previous articles, the IRS has been on the radar of Congress and many tax professionals due to their lack of employment and inability to clear the backlog of unprocessed returns. Lawmakers throughout the country are all becoming increasingly frustrated with the IRS and its employees, as it is very hard to reach IRS employees via phone for further questioning. On top of all of that, one of the most recent IRS moves was to destroy roughly 30 million paper information return documents, which also leaves members of Congress searching for answers.

## GAO Statement

The lengthy report provided by the General Accountability Office notes all the duties and responsibilities of IRS supervisors and employees, saying that several of the agency offices share the duty of protecting taxpayer information at the federal level. It also said that these offices are responsible for putting the policies in place and overseeing them to ensure maximum security.

"If IRS employees access tax information that (1) is not a part of their assigned duties, or (2) is otherwise prohibited, then this access is unauthorized," said the report. "Unauthorized access can either be considered inadvertent or willful. UNAX is the willful unauthorized access, attempted access, or inspection of tax returns or return information. Similarly, disclosures of tax information that are not authorized can be considered inadvertent or willful."

## IRS Addresses Problem

The Internal Revenue Service is responsible for investigating these wrongdoings and setting an appropriate penalty for the violating employee. In some cases, the investigation only presents findings that warrant disciplinary action, where the employee's management team would decide the penalty. Several IRS policies indicate that permanent termination is an appropriate disciplinary action and typically the one that is taken by IRS management teams. Jeffrey Tribiano, the Deputy Chief of operations support for the IRS stated, "The vast majority of IRS employees take their charge to protect taxpayer information as the foundation of their career in serving America's taxpayers, "The small number of employees who do not uphold our standards face serious discipline up to and including removal from the IRS. We will continue to educate our employees and refine our capabilities to detect UNAX and unauthorized disclosures as these efforts are key to ensuring that taxpayers can trust that the information provided to the IRS will be protected and only used for legitimate tax administration purposes."

.

**APPENDIX 3**

**IRS EMPLOYEES MISCONDUCT CITED**

**Internal Revenue Service Employee Charged with Assault [1]**

On November 30, 2021, in the District of New Jersey, Internal Revenue Service - Criminal Investigation (IRS-CI) Special Agent Daniel Garrido was charged by criminal complaint for simple assault of an officer or employee of the United States engaged in the performance of official duties. Garrido subjected a female IRS-CI special agent to unwanted and nonconsensual sexual contact during the course of their official duties.

According to the court documents, on or about August 15, 2017, Garrido and the female special agent attended a continuing professional education conference at a university located in Glassboro, New Jersey. At or near the conclusion of the conference, IRS-CI supervisors, who managed the training, held a gathering at a restaurant for attendees. During the gathering, on three separate occasions, Garrido approached the special agent and repeatedly touched her body in various places, to include her breast and hips. He repeatedly thrust his body against hers and attempted to place his lips and mouth on her neck. Each time, the special agent repeatedly told Garrido to stop and he would walk away.

When interviewed, an IRS-CI employee who was present during the gathering advised that he observed Garrido move his hands all over the special agent's body. The witness observed the special agent repeatedly attempt to push Garrido's hands off of her body, and saw Garrido walk away after she freed herself from him.

If convicted, Garrido could receive a maximum of one-year imprisonment and a fine of up to $5,000.

**IRS Employee Indicted with Access Device Fraud and Aggravated Identity Theft [1]**

On November 26, 2019, in the Eastern District of Virginia, Kwashie Senam Zilevu was indicted on charges of access device fraud and aggravated identity theft. Zilevu was previously charged via criminal complaint with access device fraud on October 2, 2019, and subsequently arrested by special agents of the Treasury Inspector General for Tax Administration (TIGTA) on October 3, 2019.

According to court documents, Zilevu was employed as an Information Technology Specialist with the Internal Revenue Service (IRS). Zilevu owned several businesses, including MacroTele, LLC, which he claimed sold telephone calling cards that he created. Between January 2016 and March 2018, Zilevu knowingly, and without authorization, used the names, addresses, dates of birth, and Social Security Numbers of at least three victims to obtain fraudulent credit cards. Once Zilevu obtained the credit cards in the victims' names, he used them to make several thousands of dollars of purchases at retail stores and other companies. An American Express (AmEx) application was submitted using a victim's personally identifiable information (PII) and approximately $49,000 was charged to the AmEx card. Among the purchases were an airline ticket for travel from Washington, D.C., to Miami, Florida, and a hotel reservation for Zilevu.

Another credit card application was submitted to U.S. Bank and Trust using PII of a second victim. Bank statements revealed that a total of $10,273.39 in completed transactions and $2,651.62 in attempted transactions were made using this card, including an airline ticket from Dulles, Virginia, to Montego Bay, Jamaica, for Zilevu. Another credit card application was

submitted to U.S. Bank and Trust using a third victim's PII. A total of $9,641.69 in fraudulent charges were made using this card. A review of Zilevu's IRS e-mail account revealed that Zilevu received an e-mail message from PayPal congratulating the third victim for setting up his or her account and instructing the victim to click a link in order to confirm the accuracy of his or her e-mail address. Zilevu received a subsequent e-mail message from PayPal to his IRS e-mail account advising the third victim that he or she was officially a PayPal member. When interviewed, each of the victims confirmed that the fraudulent credit cards had been taken out in their names, and that Zilevu did not have permission or authority to use their information to apply for the cards.

This investigation was worked jointly by special agents from TIGTA and the United States Postal Inspection Service. If convicted, Zilevu could face a fine and up to 15 years' imprisonment.

**IRS Employee Pleads Guilty to Soliciting and Receiving Bribe [1]**

On July 24, 2019, in the Central District of California, Internal Revenue Service (IRS) employee Felecia Taylor pled guilty to soliciting and receiving a bribe in her capacity as a public official. Special agents of the Treasury Inspector General for Tax Administration previously arrested Taylor in May 2019, when she was charged with the offense.

According to the court documents, Taylor corruptly sought and received something of value in return for being influenced in the performance of an official act. Taylor has been employed by the IRS since February 1990 and is currently employed as a tax specialist. Taylor's duties include planning and conducting examinations of individual and business taxpayers.

On May 1, 2019, a taxpayer reported that he met with Taylor at her Long Beach office regarding an IRS audit of his 2017 Federal income tax return. Taylor corruptly sought a $5,000 cash bribe while in the performance of her official duties, in exchange for lowering the taxpayer's tax liability. She also scheduled a follow-up meeting.

On May 7, 2019, the taxpayer met with Taylor at her Long Beach office, which was monitored by law enforcement. Taylor provided adjusted tax records that showed a reduction of the taxpayer's tax liability to approximately $10,616, the number agreed to at their prior meeting. In exchange, the taxpayer provided Taylor with the $5,000 cash bribe payment, which she accepted.

Taylor could face a maximum statutory penalty of 15 years' imprisonment and a fine of $250,000. Sentencing in this matter has not yet been scheduled.

**IRS Employee Arrested in a Stolen Identity Refund Fraud Scheme**

On May 11, 2017, in the Northern District of Georgia, Internal Revenue Service (IRS) employee Stephanie Parker was arrested [1] for her role in a stolen identity refund fraud scheme. Parker was indicted on April 25, 2017, for wire fraud and aggravated identity theft related to the scheme. [2]

According to the court documents, Parker has been employed by the IRS since November 2010 at the Chamblee, Georgia office. Through her employment, Parker had access to the means of identification of others, which could include any information used to identify a specific individual, such as name, Social Security Number (SSN), date of birth, and address. [3]

From at least September 2012 through at least April 2013, Parker knowingly devised a scheme to defraud the IRS and to obtain money by means of materially false pretenses and representations. Parker also knowingly possessed and used the means of identification of others without lawful authority in relation to the scheme. [4]

63

Specifically, through her IRS employment, Parker accessed taxpayer information, including the names and SSNs of five individuals, and used this information for her own benefit. Parker and others prepared and electronically filed fraudulent income tax returns in the names of those five individuals and directed the anticipated tax refunds to bank accounts held in the names of others. Some of the tax refunds were subsequently used to purchase money orders. The fraudulent returns all were electronically filed from Parker's residence in Atlanta, Georgia. [5]

Wire fraud carries a maximum statutory sentence of 20 years' imprisonment and aggravated identity theft requires an additional two- year term of imprisonment to any other sentence imposed. Additional legal actions are anticipated.

### Ogden IRS Employee Pleads Guilty to Unauthorized Inspection of Returns or Return Information

On November 17, 2016, in the District of Utah, Northern Division, Internal Revenue Service (IRS) employee Denise Wheelwright pled guilty to unauthorized inspection of returns or return information. [1] Wheelwright was initially charged with the offense in July 2016. [2]

According to the court documents, Wheelwright was employed as a Tax Examining Technician with the IRS Accounts Management Operations in Ogden, Utah, at the time of the offense. [3] As an employee of the IRS, Wheelwright willfully and unlawfully inspected the tax returns and tax return information of individuals without authorization. [4]

In her plea agreement, Wheelwright acknowledged that, while at work on two separate dates, she accessed the tax return information of 26 taxpayers named or similar to a name known to her. Wheelwright did so on purpose, using the same computer command code 38 separate times, knowing that she was not authorized to make these accesses. [5]

Wheelwright could face a maximum sentence of up to one year in prison and, upon conviction, will be discharged from her employment with the Federal Government. [6] Wheelwright's sentencing is scheduled for January 30, 2017. [7]